**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CARL NELSON,<br>*Plaintiff*,<br><br>v.<br><br>CRANE SERVICE CO., INC,<br>*Defendant* | No. 24-cv-766-ABA |

**ORDER REGARDING DISCOVERY DISPUTES**
**AND MOTION FOR SANCTIONS**

Plaintiff Carl Nelson alleges that he was employed by Defendant Crane Service Co., Inc. ("Crane") for approximately ten weeks in December 2022 to February 2023. ECF No. 1 (Complaint) ¶ 6. He claims that Crane terminated his employment, *id.* ¶¶ 57-59, and alleges that he was subjected to racial discrimination and retaliation, in violation of federal, state, and county law.

Numerous discovery disputes have arisen in this case. Following a prior round of filings, the Court held a hearing on November 22, 2024, as to which the Court issued an order on November 26, 2024. ECF No. 35. Following another round of filings in December, the Court held a hearing on January 3, 2025, at which the Court ruled on the then-pending discovery disputes on the record. Following further discovery dispute filings on January 10-13, 2025, the Court held a discovery dispute hearing on January 28, 2025, as to which the Court issued a written order later that day. ECF No. 57.

The parties have filed correspondence raising six additional alleged discovery deficiencies that have not been resolved through the meet-and-confer process (though the parties also dispute the adequacy of the other side's participation in those meet-and-

confer sessions). ECF Nos. 64-69. Plaintiffs (1) seek an order compelling Crane collect and review files from additional custodians John Steinhoff and Brian Mazella, (2) complain generally about whether Crane's methodology for collecting and identifying potentially responsive documents was adequate, and (3) contend that the attorney-client privilege does not apply to communications between Crane's counsel and Lynn Perry, a Crane consultant. ECF No. 66 (Plaintiff's position letter on those issues); ECF No. 67 (Crane's letter on those issues). Crane contends that (1) some of Plaintiff's produced documents were not produced in native format or otherwise produced with accompanying metadata, (2) Plaintiff has not taken sufficient steps to ensure that all responsive documents have been produced, and in particular "suspects that Plaintiff, without the help of counsel or a discovery vendor, self-identified and collected responsive material," and (3) Plaintiff should be compelled to produce tax returns for the past 10 years. ECF No. 68 (Crane's letter on those issues); ECF No. 69 (Plaintiff's letter on those issues).

In addition, Plaintiff filed a motion for sanctions, ECF No. 58, and a memorandum in support, ECF No. 58-1, in which he contended that as of March 10, 2025, Crane had not yet supplemented its answer to Plaintiff's Interrogatory No. 10, as previously ordered (ECF No. 57 ¶ 4(d)), and sought an order "striking Defendant's affirmative defenses and prohibiting Defendant from raising any further affirmative defenses." ECF No. 58 at 1. Crane responded "withdraw[ing] its affirmative defenses" and contending that, accordingly, the motion for sanctions is moot. ECF No. 63 at 1. Plaintiff did not file a reply brief or otherwise dispute that the sanctions motion is moot.

The Court has reviewed the briefing on the motion for sanctions, and the parties' latest discovery-dispute correspondence. No hearing is necessary. *See* Loc. R. 105(6). The Court hereby orders as follows:

1. Plaintiff has not shown that Crane's document-collection process was inadequate, or that Crane should be compelled to collect documents from additional custodians whose documents were not previously collected. Particularly taking into account proportionality considerations, Plaintiff's first and second requests are denied.

2. As to communications between Crane's counsel and Lynn Perry, Crane has made a sufficient showing that Ms. Perry falls within Crane's attorney-client privilege, and that communications with her did not waive that privilege.

3. As for the metadata issue with respect to Plaintiff's document production, the parties agreed that documents would be produced "in native format with all metadata intact." ECF No. 22 at 3 ¶ 2(k). Plaintiff contends that he has already produced (or re-produced) at least some documents in native format. ECF No. 69 at 2. If there are particular documents in Plaintiff's productions as to which a native version has not been produced and Crane believes the metadata is necessary to determine or confirm, for example, when a communication was sent, who the sender or recipient(s) were, etc., Crane shall identify those specific communications or documents and Plaintiff shall produce them in native format.

4. As for Crane's request that Plaintiff "explain his methods to identify, collect, and produce responsive documents," ECF No. 68 at 2, that request is denied. But Plaintiff and Plaintiff's counsel are admonished that they each have discovery obligations imposed by the Federal Rules. And counsel's reliance on a client to identify

responsive documents may, but does not necessarily, discharge a party's and counsel's obligations in that regard.

5. Crane has shown that information contained in at least some of Plaintiff's tax returns is discoverable with respect to Plaintiff's lost wages claim. *See* ECF No. 68 at 2-3 (citing *Gillespie v. Melyakov*, No. 09-cv-169-WGC, 2009 WL 10685581, at *2 (D. Md. Nov. 25, 2009); *Hastings v. OneWest Bank, FSB*, No. 10-cv-3375-GLR, 2013 WL 1502008, at *2 (D. Md. Apr. 11, 2013)). Crane has not shown, however, that ten years is an appropriate scope. Plaintiff shall produce his tax returns for tax years 2022, 2023, and (once filed) 2024.

6. Plaintiff's motion for sanctions, ECF No. 58, is DENIED AS MOOT.

7. Plaintiff's motion to seal the interrogatory answers filed at ECF No. 62, *see* ECF No. 61 (motion to seal), is GRANTED.

Date: April 3, 2025

***/s/***
Adam B. Abelson
United States District Judge