EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CARL NELSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 8:24-cv-00766-GLS |
| CRANE SERVICE CO., INC. | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWERS**
**TO DEFENDANT'SFIRST SET OF INTERROGATORIES**

COMES NOW, Plaintiff Carl Nelson ("Plaintiff"), by and through undersigned counsel, and hereby submits his Answers to Defendant Crane Service Co., Inc.'s ("Defendant") First Set of Interrogatories. In support thereof, Plaintiff states as follows:

**OBJECTIONS AND ANSWERS TO INTERROGATORIES**

**Interrogatory No. 1:** State with particularity all damages you are seeking in this Action, economic and non-economic, and state the basis, nature, and amount of any monetary awards sought from Crane Service, specifying what claims and amounts you are seeking from Defendant and how each amount is calculated.

**ANSWER: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the term "with particularity" is undefined and thereby vague as it does not suggest what level of particularity is desired. Plaintiff objects to this Interrogatory insofar as it seeks "all damages" and requests their basis in fact. Specifically, at this time, Plaintiff may be unaware of "all damages" stemming from the incident, including their factual basis, and likewise treatment for non-economic**

**damages is continuing. Accordingly, Plaintiff will present those damages of which he is presently aware and shall supplement upon receipt of additional information which would affect this Answer. Plaintiff shall thus answer this Interrogatory by providing the particular categories of damages he is seeking in this matter along with information for those categories that he is currently aware of.**

**Plaintiff refers Defendant to his Rule 26(a)(1) Disclosures. Plaintiff further refers Defendant to his Objections and Answer to Interrogatory No. 12. Plaintiff seeks recovery of economic damages in the form of any and all compensation he should have been paid but for his discriminatory and/or retaliatory termination. Plaintiff seeks recovery of economic damages in the form of any and all expenses he has paid to medical providers and/or will pay to medical providers. Currently, Plaintiff is owed more than $13,000.00 from one of his medical providers. Plaintiff is continuing treatment, and this number is expected to rise.**

**Plaintiff seeks recovery of noneconomic damages in the form of mental and emotional distress which he has suffered and continues to suffer due to the discrimination, hostile work environment, and retaliation alleged in the Complaint. Plaintiff seeks recovery of punitive damages for the Defendants' actual malice in their discrimination, hostile work environment, and retaliation against Plaintiff. Plaintiff seeks recovery of attorneys' fees and costs incurred in litigating this matter. Plaintiff seeks recovery of any and all applicable pre-judgment interest.**

**Interrogatory No. 2:** State with particularity all facts you contend support or relate to your claims that you endured race discrimination, a hostile work environment, and retaliation during your employment at Crane Service.

**<u>ANSWER:</u> Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the term "claims" is undefined and may relate to factual allegations, causes of actions, or unalleged statements which "relate to" race discrimination, hostile work environment, and retaliation. Further, the term "with particularity" is undefined and thereby vague as it does not suggest what level of particularity is desired. Plaintiff will answer this Interrogatory at a general level of particularity insofar as it is referring to the claims pled in Plaintiff's operative Complaint.**

**Plaintiff refers Defendant to the allegations contained in his operative Compliant. Plaintiff also had in interaction with David Roy on or about December 20th 2022. Mr. Roy told Plaintiff that employees would call Mr. Roy "dildo Dave" because Brandon Cannon placed a dildo on his windshield wiper, and he switched vehicles with his mother for the next day. Plaintiff informed Mr. Roy to complain but he explained that complaints would not matter because the owner of Crane Service Company, Rick, and/or his son Brian Mazzella are on the Union's board/committee.**

**<u>Interrogatory No. 3:</u>** State with particularity your entire employment history, including both before and after your employment at Crane Service.

**<u>ANSWER</u>: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the term "with particularity" is undefined and thereby vague as it does not suggest what level of particularity is desired. Further, this Interrogatory contains no temporal limitation and is thereby overbroad.**

**Plaintiff will answer this Interrogatory concerning his employment history since 2014 at a general level of particularity.**

**From 2014 to 2018, the Plaintiff was Self-employed as a Massage Therapist. He Owned Sincere Touch in Virginia from (2014-2016 in VA), along as being a subcontractor with Jacob Chiroptic, in Arlington Virginia (2014). Plaintiff also owned Sincere Therapy in Pennsylvania (2016-2018). The plaintiff then began his employment in Traffic Control with RoadTek from June 2020 to 2021. From 2021 to July 2022, Plaintiff worked with Wright Traffic Control (WTC) in traffic control. From July of 2022 to October 2022, Plaintiff was in the Operator Engineer Local 77 Apprenticeship program, which dispatched him to the company, Oiler Keller North America. In December 2022 to February of 2023, Operator Engineer Local 77 Apprenticeship program, dispatched plaintiff as an oiler to Crane Service Company inc.**

**Interrogatory No. 4:** Describe with particularity any and all professional certifications you have earned, whether before, during, or after your employment at Crane Service.

**ANSWER: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the term "with particularity" is undefined and thereby vague as it does not suggest what level of particularity is desired. Further, this Interrogatory contains no temporal limitation and is thereby overbroad. Further still, the term "professional certifications" is undefined and thereby vague as it is susceptible to multiple meanings. Plaintiff objects insofar as this Interrogatory is beyond the scope of Fed. R. Civ. P. 26(b) as it seeks "professional certifications" (however defined) *after* the incidents alleged in the Complaint which would not be relevant to these proceedings.**

**Plaintiff will answer this Interrogatory with a general level of particularity for any "professional certifications" he received during or prior to the incidents alleged in the Complaint.**

**Plaintiff has received the following certifications:**

- **SiTE: Certified Guardian Smart Flagger– July 8, 2021: Certified Plaintiff to use advanced technology.**
- **American Traffic Safety Services Association: Certified Flagger (for both Maryland and VA): October 20, 2021 – Traffic Control Certification. Certified Plaintiff to set up Traffic Control work zone and flag in Maryland and Virginia.**
- **VDOT Basic Work Zone Traffic Control Training and Flagger certification: 2021 - Certified Plaintiff to be Supervisor in work zones, authorizes him to check permits, and set up work zones for Virginia and/or DC.**
- **IUOE Local 77 JATC: Signal Person Certification November 3, 2022. Certified Plaintiff to signal crane directions. Signal operator looks at this individual for instructions.**
- **IUOE Local 77 JATC: AWP Safety Certification November 3, 2022: Safety site certification.**
- **IUOE Local 77 JATC: Rigging Certification November 3, 2022: Certified Plaintiff to assist mobile or locomotive cranes and rigging material (hook material for crane to pick it up).**
- **IUOE Local 77 JATC: Forklift Safety Certification October 27 2022: Certified Plaintiff to drive forklift on worksites.**

**<u>Interrogatory No. 5:</u>** Describe with particularity your qualifications to work as an Oiler as that term is used in paragraph 40 of the Complaint, as of the time you began your employment at Crane Service.

**<u>ANSWER:</u> Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the term "with particularity" is undefined and thereby vague as it does not suggest what level of particularity is desired. Plaintiff will thus answer this Interrogatory with a general level of particularity.**

**Oiler responsibilities are daily equipment inspections, daily equipment cleaning, regular gauge checks, maintenance of record logs, and maintenance of lubricating and cooling oil supply. Plaintiff was certified to take on these responsibilities by and through his IUOE Local 77 JATC: Signal Person Certification, IUOE Local 77 JATC: AWP Safety Certification, IUOE Local 77 JATC: Rigging Certification, and IUOE Local 77 JATC: Forklift Safety Certification.**

**American Traffic Safety Services Association: Certified Flagger certification taught Plaintiff to maintain and conduct a safe work area. The VDOT Basic Work Zone Traffic Control Training and Flagger certification also covers the responsibilities of maintenance and traffic control. These certifications qualified the Plaintiff to maintain the work zones and install and remove devices, which is what the Crane Services required Oilers to do.**

**<u>Interrogatory No. 6:</u>** State with particularity the basis for any report, claim, or complaint you submitted to Crane Service personnel during the course of your employment.

**<u>ANSWER</u>: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of**

**information it seeks with reasonable particularity. Specifically, the term "with particularity" is undefined and thereby vague as it does not suggest what level of particularity is desired. Plaintiff will thus answer this Interrogatory with a general level of particularity.**

**Plaintiff refers Defendant to the allegations in his operative Complaint. Further, on or around December 21, 2022, Mr. Nelson reported Mr. Matisa's behavior to Adam Leach (White), the yard manager and supervisor of Mr. Nelson.**

**On December 22, 2022, Mr. Nelson reported to Mr. Leach that an employee had flashed their handgun at Mr. Nelson, a clear threat and intimidation tactic on account of Mr. Nelson's race. They both went to report to Mr. Loveless, the hiring/manager dispatcher.**

**On December 23, 2022, Mr. Nelson reported to Ms. Diana Farmer, a Human Resources Manager, and Mr. Ricky McGuire, the Defendant's Safety Manager, that an employee had flashed their handgun at Mr. Nelson, a clear threat and intimidation tactic on account of Mr. Nelson's race.**

**On January 31, 2023, Mr. Nelson submitted a complaint to Steve Faulkner, his union representative, again complaining of race discrimination and a hostile work environment.**

**On February 27, 2023, Mr. Nelson emailed a complaint to his union representative, Mr. Faulkner, regarding the discovery of what appeared to be a single unused shotgun shell on the driver's side rear floor.**

**On February 27, 2023, Mr. Nelson informed Mr. McGuire of the shotgun shell he found in his work truck was a clear threat and intimidation tactic on account of his race and that Mr. Nelson did not feel safe at the D'Arcy Road location.**

**Interrogatory No. 7:** Describe with particularity all lawsuits which you have been a party to in the last five years through the present, whether closed or pending, including, but not limited to, the jurisdiction, case number, parties, claims asserted, and counsel for the parties.

**ANSWER: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the term "with particularity" is undefined and thereby vague as it does not suggest what level of particularity is desired. Plaintiff further objects to this Interrogatory as information related to "all lawsuits" he has been a party to in the last five years through the present, is irrelevant to the claims and defenses in this action. Plaintiff further objects to this Interrogatory as it inherently requests attorney/client privileged/confidential communications and information. Plaintiff will thus answer this Interrogatory at a general level of particularity for all civil actions he has filed in the last five years and will withhold all attorney/client privileged/confidential communications and information. Plaintiff is amenable to a meet-and-confer as to this objection should Defendant take issue with the same.**

**Other than the instant action, Plaintiff has been a party in a lawsuit in United States District Court for the Eastern District of Virginia, case number, 1:21-cv-895-AJT-MSN. The parties were, Carl Nelson, individually, and on behalf of all others similarly situated (Plaintiff), and W.E.K. Enterprises, LLC, formerly known as ROADTEK Traffic Solutions LLC (Defendant). Counsel for Plaintiffs were Robert W.T. Tucci and Gregg C. Greenberg. Counsel for Defendant was Jeremy D. Capps and Blaire Hawkins O'Brien. This suit was a certified collective action with over 300 opt-in plaintiffs and concerned claims of unpaid wages and overtime compensation. This matter has since been resolved.**

**Interrogatory No. 8:** Describe with particularity each crime for which you have been arrested. For any such crime, state the date of the arrest, the location, and the authority that arrested you.

**ANSWER: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the term "with particularity" is undefined and thereby vague as it does not suggest what level of particularity is desired. Plaintiff further objects to this Interrogatory insofar as it seeks impermissible impeachment evidence. Plaintiff further objects to this Interrogatory as information related to "each crime for which" Plaintiff has been arrested is irrelevant to the claims and defenses in this action. Plaintiff will answer this Interrogatory with a general level of particularity.**

**Plaintiff refers Defendant to his Objections and Answer to Interrogatory No. 9.**

**Interrogatory No. 9:** Describe with particularity each crime you have been convicted of. For each such conviction, state the date of the conviction, the location of the crime, the authority that convicted you, and the sentence imposed on you.

**ANSWER: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the term "with particularity" is undefined and thereby vague as it does not suggest what level of particularity is desired. Plaintiff further objects to this Interrogatory insofar as it seeks impermissible impeachment evidence. Plaintiff further objects to this Interrogatory as information related to "each crime for which" Plaintiff has been convicted of irrelevant to the claims and defenses in this action. Plaintiff will answer this Interrogatory with a general level of particularity.**

**Plaintiff has been convicted of the following crimes:**

- **Carrying a Weapon without a License and Possession of Cocaine – convicted on or about September 2004, in District of Columbia, Superior Court of the District of Columbia. Plaintiff served a two-year sentence for this conviction.**
- **Possession with Intent to Distribute – convicted in 2009 in the Circuit Court for Charles County, Maryland. Plaintiff served a multiyear sentence for this conviction.**
    - **While serving time for this conviction, Plaintiff was convicted of another Possession with intent to distribute on or about 2010. He received three years and five years of probation. Processed in the Circuit Court for Charles County, Maryland.**
- **Sexual Assault – convicted on or about July 2018 in Bedfont, Centre County, PA.**

**<u>Interrogatory No. 10:</u>** Describe with particularity the period of your confinement for any crime you were convicted of. For any such period of confinement, state the specific crime you were convicted of that resulted in your confinement.

**<u>ANSWER</u>: Plaintiff refers Defendant to his Objections and Answer to Interrogatory No. 9.**

**<u>Interrogatory No. 11:</u>** Identify all legal representative(s) that represented you in any prior criminal cases you have been a party to.

**<u>ANSWER</u>: Plaintiff objects to this Interrogatory insofar as it is overbroad and outside the scope of Fed. R. Civ. P. 26. Specifically, the identities of Plaintiff's prior legal representatives in criminal cases, including those which do not relate to moral turpitude, were not felonies, or which he was not convicted, are not relevant to the proceedings in any material way. Indeed, this Interrogatory simply serves to harass and embarrass Plaintiff.**

**The legal representatives that represented Plaintiff were, Gerry Allendale, Monty Montgomery, and Karen Muir. Plaintiff is unaware of any other responsive information at this time.**

**Interrogatory No. 12:** Describe with particularity each physical, mental, or emotional injury that you attribute to the race discrimination, hostile workplace, or retaliation you allege to have endured during your employment at Crane Service.

**ANSWER:**

**Plaintiff objects to this Interrogatory insofar as it is vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the term "with particularity" is undefined and thereby vague as it does not suggest what level of particularity is desired. Plaintiff objects to this Interrogatory insofar as it seeks "each physical, mental, or emotional injury" and requests their basis in fact. Specifically, at this time, Plaintiff may be unaware of "each physical, mental, or emotional injury" stemming from the incident, including their factual basis, and likewise treatment is continuing. Accordingly, Plaintiff will answer this Interrogatory with a general level of particularity and will present those physical, mental, or emotional injuries of which he is presently aware and shall supplement upon receipt of additional information which would affect this Answer.**

**Plaintiff refers Defendant to his Objections and Answer to Interrogatory No. 1. Further, Plaintiff's illegal treatment during his employment with Defendant, including his unlawful termination, has had a profound and detrimental impact on his mental and emotional well-being. Consistently showing up to work in a harassing environment fostered a sense of dread and anxiety, turning the daily routine into a constant struggle. The**

**anticipation of facing hostility, belittlement, and discrimination created a heightened sense of vulnerability, making the workday feel unsafe and unpredictable. This environment chipped away at Plaintiff's self-esteem and trust, while the constant stress of navigating uncomfortable or dangerous situations took a toll on Plaintiff's physical health, including, *inter alia*, lack of sleep and nightmares. Over time, the emotional weight of feeling unvalued, unsafe, and constantly under pressure led to burnout, depression, and an overwhelming desire to escape, further perpetuating the cycle of anxiety and distress.**

**Beyond the everyday traumatizing experiences, Plaintiff's distress was significantly exacerbated by within Defendant's employ, including, *inter alia*, the discovery of a shotgun shell in the workplace, which instilled a deep sense of fear, vulnerability, and signaled a life-threatening discriminatory attack on Plaintiff. This was compounded by the use of racial slurs directed at him, including, but not limited to, "nigger" and "cookie" which not only undermined his sense of safety but also reinforced the hostile, discriminatory environment. The culmination of these traumatic experiences, including, *inter alia*, his eventual retaliatory termination because of his reporting of these specific discriminatory incidences, left Plaintiff feeling powerless, violated, and deeply impacted both emotionally and psychologically. Even assuming, *arguendo*, that Plaintiff resigned from his employment with Defendant, it was involuntarily done because Defendant failed to rectify discrimination and a hostile work environment that had been reported and because Defendant continued to place Plaintiff in the path of discrimination at its place of employment. These specific incidents exacerbated and/or caused Plaintiff trauma, intensifying feelings of betrayal and creating lasting mental and emotional scars.**

**The aforesaid traumatizing experiences which Plaintiff suffered at Defendant's place of employment and by Defendant and its agents has led to anxiety, depression, and a deep sense of isolation. The constant mistreatment has undermined Plaintiff's self-worth and motivation, while also causing severe sleep deprivation, leaving him chronically fatigued and vulnerable to further stress. Indeed, sleep, a basic human need, became a nightmare for Plaintiff who continues to wake up in the middle of the night reliving the traumatic experiences which took place at Defendant's place of employment and by Defendant and its agents. In an attempt to cope and hide from mistreatment, Plaintiff has resorted to "masking" by becoming invisible, both literally (*i.e.*, isolating himself from friends and family) and figuratively (*i.e.*, wearing a mask when leaving his home).**

**Plaintiff has likewise suffered from isolation and depression caused or exacerbated by the discrimination, retaliation, and hostile work environment perpetuated by Defendant and its agents. This isolation and depression have led to a significant decline in Plaintiff's personal life, including, *inter alia*, losing interest in hobbies and activities that once brought Plaintiff joy, such as playing chess, photography, traveling, and socializing with friends and/or family. Further, this isolation and depression has left Plaintiff feeling disconnected and uninspired. Depression has taken hold, making it difficult to find pleasure in anything, and as a result, Plaintiff has become increasingly withdrawn from friends and family. Social isolation has deepened, as Plaintiff struggles to engage in meaningful connections. Plaintiff feels unable to share his pain or fully participate in social gatherings, further exacerbating his sense of loneliness and disconnection from those around him.**

**Plaintiff has faced significant professional setbacks due to the trauma caused by workplace discrimination, making it difficult for him to continue his professional career. The**

**post-traumatic stress disorder ("PTSD") and emotional distress resulting from or exacerbated by the discrimination, retaliation, and hostile work environment perpetuated by Defendant and its agents have left Plaintiff overwhelmed by anxiety, distrust, and fear. This mental and emotional distress has prevented Plaintiff from pursuing job opportunities or entering new work environments. The trauma has eroded Plaintiff's confidence and he has been instructed by his medical providers not to return to the workforce. At this time, Plaintiff is seeking out and applying for disability programs. As a result, the Plaintiff has been unable to move forward in his career and has been struggling with the long-lasting effects of discrimination, retaliation, and the hostile work environment perpetuated by Defendant and its agents.**

**Even assuming, *arguendo*, that Plaintiff was already grappling with an underlying mental or emotional condition, enduring a toxic work environment significantly exacerbated his symptoms. The constant stress, harassment, and feelings of being unsafe at work triggered and intensified flashbacks, hypervigilance, and heightened anxiety. The lack of support and the ongoing emotional strain made it increasingly difficult to manage the pre-existing condition, leading to worsened mental health, sleep disturbances, and a further sense of isolation. The cumulative effect of these stressors pushed Plaintiff further into the cycle of trauma, making recovery more challenging and led to a more severe diagnosis.**

**<u>Interrogatory No. 13:</u>** State the name and address of any physician, psychiatrist, psychologist, therapist, social worker, drug counselor, alcohol counselor, or other health care professional or health care facility that you have visited with respect to a mental or physical condition at any time in the last five years through the present.

**ANSWER: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the terms "health care professional" and "health care facility" are undefined and thereby vague. Subject to and without waiving said objection, see the summary of responsive providers to date below:**

- **Kiana Byrd – Psychologist from H.O.P.E Behavior Health, 3261 Old Washington Road Suite 3021 Waldorf MD 20602**
- **Gabriel Amaya, Psychiatrist from H.O.P.E Behavior Health, 3361 Old Washington Road Suite 3021 Waldorf MD 20602**

**Interrogatory No. 14:** Identify all persons from whom you have received statements (oral or written) relating to the allegations set forth in the Complaint.

**ANSWER: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the allegations in the Complaint include ancillary and background matters reciting statements received relating to Plaintiff's hours of work, physical location of job sites, and general references to his employment by Defendant are irrelevant and useless to these proceedings and outside the scope of Fed. R. Civ. P. 26. Further, the term "statements" is vague, ambiguous, confusing, and overbroad, in that it is unclear what would constitute a "statement" for purposes of this Interrogatory. Plaintiff will answer this Interrogatory to the extent it is requesting information of verified statements received by Plaintiff after the filing of Plaintiff's Complaint.**

**Plaintiff is unaware of any such responsive information at this time.**

**Interrogatory No. 15:** Identify all persons with whom you had any communication about the allegations in the Complaint.

**ANSWER: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the allegations in the Complaint include ancillary and background matters and an identification of individuals that Plaintiff communicated with relating to Plaintiff's hours of work, physical location of job sites, and general references to his employment by Defendant are irrelevant and useless to these proceedings and outside the scope of Fed. R. Civ. P. 26. Further, this Interrogatory is unclear as to whether it is seeking Plaintiff's communications with people concerning the written allegations of the Complaint or the actual events which the allegations of Complaint refer to. Plaintiff will answer this Interrogatory to the extent it is requesting information concerning Plaintiff's communications with persons concerning the actual events which the allegations of the Complaint refer to.**

**Plaintiff has communicated about the allegations in the Complaint with the following individuals: David Roy, Adam Leach, Brent Loveless, Diana Farmer, Ricky McGuire, Jim Bo, CB, Christopher Thorness, Andrew Russo, William Gray, Kevin, Bradley Cannon, Andre Gilliam, Kory Loveless, John Mutispaugh, Steve Faulkner, John Baldwin, Langston Clay, Kiana Byrd, and Keihsa Keller. Plaintiff does not presently recall each and every statement or communications made or had with these individuals.**

**Interrogatory No. 16:** Describe with particularity all efforts you have made to find employment or other engagement after February 27, 2023, and the results of those efforts.

**<u>ANSWER</u>: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the terms "with particularity" and "efforts" are undefined, susceptible to multiple meanings, and are thereby vague. Plaintiff will answer this Interrogatory with a general level of particularity.**

**Subject to and without waiving said objection, Plaintiff has been unable to secure employment due to the debilitating effects of his PTSD, which significantly impacts his ability to function in a work environment.**

**<u>Interrogatory No. 17:</u>** Identify each Employer (including self-employment) for whom you worked since February 27, 2023, and for each provide the dates of employment, compensation received, and reason for any termination of employment (whether voluntary or involuntary).

**<u>ANSWER</u>: Plaintiff is unaware of any responsive information at this time.**

**<u>Interrogatory No. 18:</u>** Identify all potential employers or other third parties from whom you sought employment or engagement since February 27, 2023, including the manner of seeking employment or engagement (such as response to ad, online application, personal inquiries, etc.), whether you received an offer, whether you accepted the offer, and if declined, the reasons you declined the offer.

**<u>ANSWER</u>: Plaintiff is unaware of any responsive information at this time.**

**<u>Interrogatory No. 19:</u>** Identify all employment opportunities presented to you since February 27, 2023, including but not limited to opportunities offered by the Local Union of Operating Engineers Local 77, whether you accepted any such opportunity, and if defined, the reasons you declined.

**<u>ANSWER</u>: A position with Lane Company was offered by Plaintiff's Union around April or May 2024. Plaintiff rejected the offer due to the medical, physical, and emotional**

**trauma the Plaintiff suffered as a result of Defendant's unlawful actions as pled in Plaintiff's Complaint.**

**Interrogatory No. 20:** Identify all persons from whom you received money, compensation, or payment of any kind from February 2, 2023, through and including the present.

**ANSWER: Plaintiff objects to this Interrogatory insofar as it is vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Plaintiff objects to this Interrogatory insofar as it is violative of the collateral source rule. Plaintiff refers Defendant to his Answer to Interrogatory No. 7. Additionally, Plaintiff receives $370.00 per month through the Department of Human Services, SNAP Benefits Program. Plaintiff is unaware of any other responsive information at this time.**

Respectfully submitted,

*/s/ Thomas J. Eiler*

Thomas J. Eiler, Esq., Bar No. 30622
Robert W.T. Tucci, Esq. Bar No. 31356
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373
(240) 839-9142 (f)
teiler@zagfirm.com
rtucci@zagfirm.com
*Counsel for Plaintiff*

**VERIFICATION**

I SWEAR AND AFFIRM, under penalties of perjury, that the foregoing statement are true and correct, to the best of my knowledge, information, and belief.

Carl Nelson (Dec 23, 2024 16:40 EST)

Signature (*firma*)

12/23/2024

Date (*fecha*)

Carl Nelson

Name (*nombre*)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of December 2024, a copy of the forgoing was served via electronic and/or first-class, postage pre-paid, mail upon:

Jake B. Mitchell, Esq. Bar No. 30736
Michael S. McNamara (*admitted pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC 20036
jake.mitchell@pillsburylaw.com
michael.mcnamara@pillsburylaw.com
*Counsel for Defendant*

*/s/ Thomas J. Eiler*
Thomas J. Eiler, Esq.