# EXHIBIT 30

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CARL NELSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 8:24-cv-00766-GLS |
| CRANE SERVICE CO., INC. | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL/AMENDED ANSWERS**
**TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

COMES NOW, Plaintiff Carl Nelson ("Plaintiff"), by and through undersigned counsel, and hereby submits his Supplemental/Amended Answers to Defendant Crane Service Co., Inc.'s ("Defendant") First Set of Interrogatories. In Support thereof, Plaintiff states as follows:

**SUPPLEMENTAL/AMENDED ANSWERS TO INTERROGATORIES**

**Interrogatory No. 1:** State with particularity all damages you are seeking in this Action, economic and non-economic, and state the basis, nature, and amount of any monetary awards sought from Crane Service, specifying what claims and amounts you are seeking from Defendant and how each amount is calculated.

**ANSWER: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the term "with particularity" is undefined and thereby vague as it does not suggest what level of particularity is desired. Plaintiff objects to this Interrogatory insofar as it seeks "all damages" and requests their basis in fact. Specifically, at this time, Plaintiff may be unaware of "all damages" stemming from the incident, including their factual basis, and likewise treatment for non-economic**

**damages is continuing. Accordingly, Plaintiff will present those damages of which he is presently aware and shall supplement upon receipt of additional information which would affect this Answer. Plaintiff shall thus answer this Interrogatory by providing the particular categories of damages he is seeking in this matter along with information for those categories that he is currently aware of.**

**Plaintiff refers Defendant to his Rule 26(a)(1) Disclosures. Plaintiff further refers Defendant to his Objections and Answer to Interrogatory No. 12. Plaintiff seeks recovery of economic damages in the form of any and all compensation he should have been paid but for his discriminatory and/or retaliatory termination. Plaintiff seeks recovery of economic damages in the form of any and all expenses he has paid to medical providers and/or will pay to medical providers. Currently, Plaintiff is owed more than $13,000.00 from one of his medical providers. Plaintiff is continuing treatment, and this number is expected to rise.**

**Plaintiff seeks recovery of noneconomic damages in the form of mental and emotional distress which he has suffered and continues to suffer due to the discrimination, hostile work environment, and retaliation alleged in the Complaint. Plaintiff seeks recovery of punitive damages for the Defendants' actual malice in their discrimination, hostile work environment, and retaliation against Plaintiff. Plaintiff seeks recovery of attorneys' fees and costs incurred in litigating this matter. Plaintiff seeks recovery of any and all applicable pre-judgment interest.**

**<u>AMENDED/SUPPLEMENTAL ANSWER</u>: Plaintiff objects to this Interrogatory insofar as it vague, ambiguous, confusing, overbroad, and fails to describe each piece of information or categories of information it seeks with reasonable particularity. Specifically, the term "with particularity" is undefined and thereby vague as it does not suggest what level**

**of particularity is desired. Plaintiff objects to this Interrogatory insofar as it seeks "all damages" and requests their basis in fact. Specifically, at this time, Plaintiff may be unaware of "all damages" stemming from the incident, including their factual basis, and likewise treatment for non-economic damages is continuing. Accordingly, Plaintiff will present those damages of which he is presently aware and shall supplement upon receipt of additional information which would affect this Answer. Plaintiff shall thus answer this Interrogatory by providing the particular categories of damages he is seeking in this matter along with information for those categories that he is currently aware of.**

**Plaintiff refers Defendant to his Rule 26(a)(1) Disclosures, as amended. Plaintiff likewise notes that he will be designating expert witnesses to assess to extent of his economic damages, including lost wages and front pay, caused by Defendant's discrimination and retaliation. Preliminarily, and subject to supplement based on the calculation of Plaintiff's forthcoming expert witness, Plaintiff has incurred $80,616.40 ($18.49 x 40 hours = $739.60 per week x 109 weeks = $80,616.40) in lost wages from February 27, 2023, through April 7, 2025. Plaintiff will likewise be seeking a front pay award based on the debilitating nature of the mental and emotional distress aggravated and exacerbated by Defendant's actions and omissions. *See* NELSON 000036 – NELSON 000039. Preliminarily, and subject to supplement based on the calculation of Plaintiff's forthcoming expert witness, Plaintiff approximates he is entitled to a $192,296.00 front pay award ($18.49 x 40 hours = $739.60 per week x 260 weeks or 5 years = $192,296.00).**

**As it relates to current medical expenses, Plaintiff refers Defendant, pursuant to Fed. R. Civ. P. 33(d), to his medical expenses at NELSON 000752 – NELSON 000773. Plaintiff is**

**owed approximately $17,500.00 in incident related medical expenses. Plaintiff is continuing to treat, and his medical expenses are continuing to rise.**

**Plaintiff seeks recovery of noneconomic damages in the form of mental and emotional distress which he has suffered and continues to suffer due to the discrimination, hostile work environment, and retaliation as alleged in the Complaint. Plaintiff further refers Defendant to his Objections and Answer to Interrogatory No. 12, as amended and supplemented, for the factual basis of his noneconomic damages. Plaintiff will be seeking the statutory limitation of $100,000.00 for his noneconomic damages pursuant to 42 U.S.C. 1981a(b)(3) for his claims made pursuant to Title VII. Plaintiff will be seeking $500,000.00 for his noneconomic damages pursuant to Prince George's County, Maryland law and 42 U.S.C. § 1981. Plaintiff approximates his noneconomic damages as follows:**

1. **Emotional and mental pain and suffering incurred from the actual event of Plaintiff's constructive discharge or termination: $50,000.00**
2. **Stress and anxiety related to the actual event of Plaintiff's constructive discharge or termination: $50,000.00**
3. **Stress and anxiety related to reduced income caused by Plaintiff's constructive discharge or termination: $50,000.00**
4. **Stress and anxiety related to the sustained daily experience of Defendant's hostile work environment: $50,000.00**
5. **Humiliation and embarrassment related to the actual event of Plaintiff's constructive discharge or termination: $50,000.00**
6. **Humiliation and embarrassment related to the sustained daily experience of Defendant's hostile work environment: $50,000.00**

**7. Loss of enjoyment of life resulting from the sustained daily experience of Defendant's hostile work environment: $50,000.00**

**8. Loss of enjoyment of life resulting from the actual event of Plaintiff's constructive discharge or termination: $50,000.00**

**9. Loss of convenience resulting from the actual event of Plaintiff's constructive discharge or termination: $50,000.00**

**10. Feelings of grief, despair, and despondency resulting from the actual event of Plaintiff's constructive discharge or termination: $50,000.00**

**Plaintiff seeks recovery of punitive damages for the Defendant's actual malice and/or reckless indifference to Plaintiff's federally protected rights in their discrimination, hostile work environment, and retaliation against Plaintiff. Indeed, Defendant failed to take Plaintiff's complaints about a hostile work environment seriously and Mr. Loveless, Plaintiff's supervisor, failed to report Plaintiff's complaint in December 2022. Plaintiff will be seeking $250,000.00 for punitive damages pursuant to Prince George's County, Maryland law and 42 U.S.C. § 1981.**

**Plaintiff seeks recovery of attorneys' fees and costs incurred in litigating this matter and will request the same via fee petition after verdict. Plaintiff seeks recovery of any and all applicable pre-judgment interest.**

# VERIFICATION

I SWEAR AND AFFIRM, under penalties of perjury, that the foregoing statement are true and correct, to the best of my knowledge, information, and belief.

Carl Nelson
Carl Nelson (Apr 7, 2025 15:49 EDT)

Signature (*firma*)

04/07/2025

Date (*fecha*)

Carl Nelson

Name (*nombre*)

Respectfully submitted,

*/s/ Thomas J. Eiler*

Thomas J. Eiler, Esq., Bar No. 30622
Robert W.T. Tucci, Esq. Bar No. 31356
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373
(240) 839-9142 (f)
teiler@zagfirm.com
rtucci@zagfirm.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of April 2025, a copy of the forgoing was served via electronic and/or first-class, postage pre-paid, mail upon:

Jake B. Mitchell, Esq. Bar No. 30736
Michael S. McNamara (*admitted pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC 20036
jake.mitchell@pillsburylaw.com
michael.mcnamara@pillsburylaw.com
*Counsel for Defendant*

*/s/ Thomas J. Eiler*
Thomas J. Eiler, Esq.