# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CARL NELSON,<br><br>Plaintiff,<br><br>v.<br><br>CRANE SERVICE CO., INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 8:24-cv-00766-GLS |

**PLAINTIFF'S INITIAL DISCLOSURE**

COMES NOW, Plaintiff Carl Nelson ("Plaintiff"), by and through undersigned counsel, hereby submits the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Plaintiff reserves the right to supplement and/or amend the following disclosures upon further factual and legal investigation and otherwise as required or deemed necessary:

**1. Rule 26(a)(1)(A)(i): Individual Likely to Have Discoverable Information**

a. Carl Nelson: Plaintiff may be reached only through undersigned counsel. Plaintiff has personal knowledge of the discrimination, hostile work environment, and retaliation which he and others faced. Plaintiff has personal knowledge of the terms and conditions as well as job duties and responsibilities of Plaintiff's employment with Defendant's Crane Service Company, Inc.

b. David Roy: At this time, Plaintiff is unaware of Mr. Roy's address and/or contact information. Roy has personal knowledge of the discrimination, hostile work environment, and retaliation which he and others faced. Mr. Roy has personal knowledge of the terms and conditions as well as job duties and responsibilities of Plaintiff's employment with the Crane Service Company, Inc.

c. Adam Leach: At this time, Plaintiff is unaware of Mr. Leach's address and/or contact information. Mr. Leach has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced. Mr. Leach has personal knowledge of the terms and conditions as well as job duties and responsibilities of Plaintiff's employment with the Crane Service Company, Inc.

d. Brent Loveless: At this time, Plaintiff is unaware of Mr. Loveless's address and/or contact information. Mr. Loveless has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced. Mr. Loveless has personal knowledge of the terms and conditions as well as job duties and responsibilities of Plaintiff's employment with the Crane Service Company, Inc.

e. Diana Farmer: At this time, Plaintiff is unaware of Ms. Farmer's address and/or contact information. Human Resources Manager Ms. Farmer has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced. Ms. Farmer has personal knowledge of the terms and conditions as well as job duties and responsibilities of Plaintiff's employment with the Crane Service Company, Inc

f. Ricky McGuire: At this time, Plaintiff is unaware of Mr. McGuire's address and/or contact information. Defendant's Safety Manager Mr. McGuire has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced. Mr. McGuire has personal knowledge of the terms and conditions as well as job duties and responsibilities of Plaintiff's employment with the Crane Service Company, Inc

g. Jim Bo: At this time, Plaintiff is unaware of Mr. Bo's address and/or contact information. Mr. Bo has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced.

h. CB: At this time, Plaintiff is unaware of Mr. CB's address and/or contact information. Mr. CB has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced.

i. Christopher Thorness: At this time, Plaintiff is unaware of Mr. Thorness's address and/or contact information. Mr. Thorness has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced.

j. Andrew Russo: At this time, Plaintiff is unaware of Mr. Russo's address and/or contact information. Mr. Russo has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced.

k. William Gray: At this time, Plaintiff is unaware of Mr. Gray's address and/or contact information. Mr. Gray has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced.

l. Kevin. At this time, Plaintiff is unaware of Mr. Kevin's address and/or contact information. Mr. Kevin has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced.

m. Bradley Cannon: At this time, Plaintiff is unaware of Mr. Cannon's address and/or contact information. Mr. Cannon has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced.

n. Andre Gilliam: At this time, Plaintiff is unaware of Mr. Gilliam's address and/or contact information. Mr. Gillam has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced, including himself.

o. Kory Loveless: At this time, Plaintiff is unaware of Mr. Loveless's address and/or contact information. Mr. Loveless has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced, including himself.

p. John Mutispaugh: At this time, Plaintiff is unaware of Mr. Mutispaugh's address and/or contact information. Mr. Mutispaugh has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced.

q. Steve Faulkner: At this time, Plaintiff is unaware of Mr. Faulkner's address and/or contact information. Mr. Faulker has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced.

r. John Baldwin: At this time, Plaintiff is unaware of Mr. Baldwin's address and/or contact information. Mr. Baldwin has personal knowledge of the discrimination, hostile work environment, and retaliation which Plaintiff and others faced.

s. Any and all individuals employed by and/or otherwise working for and/or with Defendant's Crane Service Company, Inc. that worked with and/or in cooperation with Plaintiff in the performance of the job duties and responsibilities for Defendant's Crane Service Company, Inc. during the period of in or about December 19, 2022, through in or about February 28, 2023. These individuals will likely have personal knowledge of the details of Plaintiff's job duties and responsibilities, working conditions, the terms and conditions of his position with Defendant's Crane Service Company, Inc., and other related topics relevant to the instant litigation.

t. Any and all individuals that supervised and/or managed and/or evaluated the quality and/or quantity of Plaintiff's job duties and responsibilities performed during the period of in or about December 19, 2022, through in or about February 28, 2023. These individuals have personal knowledge of Plaintiff's job duties and responsibilities, working conditions, the

terms and conditions of his position with Defendant's Crane Service Company, Inc., work performance, evaluation criteria, and other related topics relevant to the instant litigation.

u. Any and all individuals subsequently employed by or affiliated with Defendant's Crane Service Company, Inc. on or after Plaintiff's termination by Defendant's Crane Service Company, Inc. who may have been witness to or have personal knowledge of ongoing and/or subsequent discrimination, hostile work environment, and/or retaliation which Plaintiff and others faced and/or subsequent Defendant's Crane Service Company, Inc. employees and/or affiliates faced, including themselves.

v. Any and all individuals identified in Defendants' Initial Disclosures.

w. Discovery is ongoing. As such, Plaintiff reserve the right to supplement these disclosures as appropriate and consistent with the Federal Rules of Civil Procedure.

**2. Rule 26(a)(1)(A)(ii): Documents in Plaintiff's Possession, Custody, or Control**

a. Plaintiff is in possession, custody, and control of medical records relating to and regarding the claims alleged in the Complaint.

b. Plaintiff is in possession, custody, and control of EEOC and Prince George's County Government Office of Human Rights records relating to and regarding the claims alleged in the Complaint.

c. Plaintiff is in possession, custody, and control of correspondence between and among him and his coworkers related to his employment.

d. Plaintiff is in possession, custody, and control of photographs related to his employment with Defendant and his claims alleged in the Complaint.

e. Plaintiff is in possession, custody, and control of documents received from and sent to Defendant related to his employment with Defendant.

f. Plaintiff expects that Defendants have records in its possession, custody, and/or control relating to and regarding the claims alleged in the Complaint.

g. Plaintiff reserves the right to use any and all documents identified or produced by Defendants in its disclosures or discovery production.

h. Plaintiff reserves the right to supplement this response with any documents uncovered or otherwise discovered.

**3. Rule 26(a)(1)(A)(iii): Computation of Damages**

a. Plaintiff seeks recovery of economic damages in the form of any and all compensation he should have been paid but for his discriminatory and/or retaliatory termination.

b. Plaintiff seeks recovery of economic damages in the form of any and all expenses he has paid to medical providers and/or will pay to medical providers.

c. Plaintiff seeks recovery of noneconomic damages in the form of mental and emotional distress which he has suffered and continues to suffer due to the discrimination, hostile work environment, and retaliation alleged in the Complaint.

d. Plaintiff seeks recovery of punitive damages for the Defendants' actual malice in their discrimination, hostile work environment, and retaliation against Plaintiff.

e. Plaintiff seeks recovery of attorneys' fees and costs incurred in litigating this matter.

f. Plaintiff seeks recovery of any and all applicable pre-judgment interest.

**4. Rule 26(a)(1)(A)(iv): Insurance**

a. Plaintiff is unaware of any specific insurance policy in this matter.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Respectfully submitted,

*/s/ Thomas J. Eiler*

Thomas J. Eiler, Esq., Bar No. 30622
Robert W.T. Tucci, Esq. (*pro hac vice forthcoming*)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373
(240) 839-9142 (f)
teiler@zagfirm.com
rtucci@zagfirm.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of November 2024, a copy of the forgoing was served via electronic and/or first-class, postage pre-paid, mail upon:

Jake B. Mitchell, Esq. Bar No. 30736
Michael S. McNamara (*admitted pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC 20036
jake.mitchell@pillsburylaw.com
michael.mcnamara@pillsburylaw.com
*Counsel for Defendant*

*/s/ Thomas J. Eiler*
Thomas J. Eiler, Esq.