**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CARL NELSON, | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | Case No. 8:24-cv-00766-ABA |
| | * | |
| CRANE SERVICES CO., INC., | * | |
| | * | |
| | * | |
| *Defendant*. | * | |

**************************************************************************

## **JOINT DESIGNATION OF ADDITIONAL JURY INSTRUCTIONS**

COME NOW, Plaintiff Carl Nelson ("Plaintiff") and Defendant Crane Service Co., Inc. ("Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, and hereby submit this Joint Designation of Proposed Jury Instructions pursuant to the Court's February 19, 2026 Scheduling Order [Dkt. 94] and Local Rule 106.8.

Consistent with Local Rule 106.8(b), the Parties do not duplicate the Court's customary general instructions on matters not particular to this case. Attached as Exhibit 1 are the numbered case-specific instructions, together with citations and space for each Party's objections or suggestions. The Parties will identify any agreed instructions and insert their respective positions on disputed instructions following conferral.

Respectfully submitted,

*/s/ Thomas J. Eiler*
Thomas J. Eiler, Esq. (Bar No. 30622)
Robert W.T. Tucci, Esq. (Bar No. 31356)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373
teiler@zagfirm.com
rtucci@zagfirm.com

*Counsel for Plaintiff*

*/s/ Jake B. Mitchell*
Michael S. McNamara (*Pro Hac Vice*)
Jake B. Mitchell (Bar No. 30736)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036
(202) 663-8000
michael.mcnamara@pillsburylaw.com
jake.mitchell@pillsburylaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was file and served electronically via CM/ECF, which affected service on counsel for all Parties.

*/s/ Thomas J. Eiler*
Thomas J. Eiler, Esq.

# JOINT DESIGNATION OF JURY INSTRUCTIONS WITH CITATIONS, OBJECTIONS, AND SUGGESTIONS

**JOINTLY PROPOSED INSTRUCTIONS**

**JOINTLY PROPOSED JURY INSTRUCTION NO. 1**
**NO DOUBLE RECOVERY**

The claims in this case overlap. If the same conduct violated more than one law, Plaintiff may not recover more than once for the same injury.

You should determine the total amount of each category of loss caused by Defendant's unlawful conduct without multiplying that amount by the number of claims on which Plaintiff prevails. The Court will apply your findings to the particular statutes and any legal limitations that apply.

*See Ward v. AutoZoners, LLC*, 958 F.3d 254, 271–74 (4th Cir. 2020); *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 460 (4th Cir. 2011).

**OBJECTION/SUGGESTION: None.**

**JOINTLY PROPOSED JURY INSTRUCTION NO. 2**
**EXPERT WITNESSES**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Sand & Siffert, *4 Modern Federal Jury Instructions-Civil*, ¶ 76-9 (2026).

**OBJECTION/SUGGESTION: None.**

**JOINTLY PROPOSED JURY INSTRUCTION NO. 3**
**RETALIATION - TITLE VII AND 42 U.S.C. § 1981**

Plaintiff may recover for retaliation if he proves:

(1) Plaintiff engaged in protected activity by opposing race discrimination or race-based harassment that he reasonably and in good faith believed was unlawful;

(2) Defendant knew of the protected activity and actually or constructively discharged Plaintiff; and

(3) Plaintiff's protected activity was a but-for cause of the discharge.

Protected activity may be informal and need not use legal terminology. Plaintiff need not prove that the conduct he opposed ultimately violated the law, so long as his belief that he was opposing unlawful race discrimination or harassment was objectively reasonable and held in good faith.

"But for" causation does not require Plaintiff to prove that retaliation was the only cause. It requires proof that the discharge would not have occurred in the absence of the retaliatory motive.

*See* 42 U.S.C. § 2000e-3(a); *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 451–57 (2008); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 351–52, 360–62 (2013); *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 331–34, 341 (2020); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 282–84 (4th Cir. 2015); *Foster v. University of Maryland-Eastern Shore*, 787 F.3d 243, 249–52 (4th Cir. 2015); ECF No. 87 at 26-29.

**OBJECTION/SUGGESTION: None.**

**JOINTLY PROPOSED JURY INSTRUCTION NO. 4**
**<u>RETALIATION – MFEPA AND PRINCE GEORGE'S COUNTY LAW</u>**

Plaintiff may recover for retaliation if he proves:

(1) Plaintiff engaged in protected activity by opposing race discrimination or race-based harassment that he reasonably and in good faith believed was unlawful;

(2) Defendant knew of the protected activity and actually or constructively discharged Plaintiff; and

(3) Plaintiff's protected activity was a motivating factor of the discharge.

Protected activity may be informal and need not use legal terminology. Plaintiff need not prove that the conduct he opposed ultimately violated the law, so long as his belief that he was opposing unlawful race discrimination or harassment was objectively reasonable and held in good faith.

*See Ruffin Hotel Corp. of Md v. Gasper*, 418 Md. 594, 614 (2011); MPJI-Cv 22:12 (5th ed. 2024).

**<u>OBJECTION/SUGGESTION</u>: None.**

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**PLAINTIFF'S JURY INSTRUCTION NO. 1**
**AGGRAVATION OF PREVIOUS CONDITION**

A person who had a particular condition before the events at issue may be awarded damages for the aggravation or worsening of that condition. Plaintiff has the burden to prove what aggravation or worsening, if any, was caused by Defendant's unlawful conduct.

*See* MPJI-Cv 10:4 (5th ed. 2024), *modified*; *Peterson v. Goodyear Tire & Rubber Co.*, 254 Md. 137, 254 A.2d 198 (1969); *Seites v. McGinley*, 84 Md. App. 292, 578 A.2d 840 (1990).

**OBJECTION/SUGGESTION:**

Crane Service objects to this instruction based on the facts in this case. First, the rule that discrimination is based on how the acts would be perceived by a reasonable person contradicts the notion that a plaintiff's prior condition is relevant. Second, Plaintiff's expert intends to opine that when Plaintiff began his employment at Crane Service, all pre-existing mental health conditions were in remission. So, the evidence presented by Plaintiff at trial will not support this instruction. This instruction runs counter to Plaintiff's theory, risks confusing the jury, and would prejudice Crane Service.

Further, Plaintiff offers no authority to establish this common law tort doctrine applies to statutory discrimination cases. His cited authorities involve personal injury claims arising from automobile accidents. *See Peterson*, 254 Md. at 138-139 (action for personal injuries and property damage sustained from a collision between plaintiff and a truck owned by Goodyear, in which plaintiff claimed the accident aggravated a pre-existing back condition); *see also Seites*, 84 Md. App. At 293-94 (action for personal injuries resulting from automobile accident).

**PLAINTIFF'S JURY INSTRUCTION NO. 2**
**ACTUAL DISCHARGE**

An actual discharge occurs when an employer, by words or actions, manifests a clear intention to end an employee's employment. No particular words, such as "fired," "discharged," or "terminated," are required.

In deciding whether Defendant actually discharged Plaintiff on February 28, 2023, you should consider all of the circumstances, including what Defendant did and communicated and when it did so. A label used by either party to describe the separation does not control your decision.

*See Madock v. McHugh*, Civil Action No. ELH-10-02706, 2011 U.S. Dist. LEXIS 92392, at *70–*72 (D. Md. Aug. 18, 2011) (quoting *Payne v. Crane Co.*, 560 F.2d 198, 199 (5th Cir. 1977)); *McInerney v. United Air Lines, Inc.*, 463 F. App'x 709, 721 (10th Cir. 2011); ECF No. 87 at 28-29 & n.6.

**OBJECTION/SUGGESTION:**

Crane Service objects to inclusion of the second paragraph of this instruction. It is argument-specific and therefore improper for a jury instruction. *See Benjamin v. Sparks*, 986 F.3d 332, 350 (4th Cir. 2021) ("We recognize that district courts are often well-advised not to comment on specific evidence in their jury instructions. For such comments may carry unacceptable risks of removing from the jury its critical task of assigning weight to the evidence presented.").

Aside from the second paragraph, Crane Service agrees to the instruction.

**PLAINTIFF'S JURY INSTRUCTION NO. 3**
**CONSTRUCTIVE DISCHARGE**

If you do not find that Defendant actually discharged Plaintiff, you must decide whether Plaintiff was constructively discharged.

Plaintiff was constructively discharged if he proves that his working conditions were objectively so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign, and that Plaintiff actually resigned because of those working conditions.

It is not enough that resignation appeared to be the best or wisest choice, or that Plaintiff personally felt compelled to resign. You must decide whether, viewed objectively and considering all of the circumstances, a reasonable person in Plaintiff's position would have felt that he had no choice but to resign.

*See Green v. Brennan*, 578 U.S. 547, 555, 560 (2016); *Chapman v. Oakland Living Ctr., Inc.*, 48 F.4th 222, 235 (4th Cir. 2022); *Evans v. Int'l Paper Co.*, 936 F.3d 183, 193-94 (4th Cir. 2019); *EEOC v. Consol Energy, Inc.*, 860 F.3d 131, 144 (4th Cir. 2017); ECF No. 87 at 26-28.

**OBJECTION/SUGGESTION:**

Crane Service suggests separating the second paragraph into numbered paragraphs to provide the jury with a clear step-by-step analysis and to clarify that, to find constructive discharge, the jury must find that the employer made the Plaintiff's working conditions intolerable:

*If you do not find that Defendant actually discharged Plaintiff, you must decide whether Plaintiff was constructively discharged.*

*To establish constructive discharge, Plaintiff must prove each of the following by a preponderance of the evidence:*

1. *The Defendant made the Plaintiff's working conditions intolerable; and*

2. *The circumstances of discrimination are so intolerable that a reasonable person in the Plaintiff's position would feel compelled to resign, that is, he had no choice but to resign.*

*It is not enough that resignation appeared to be the best or wisest choice, or that Plaintiff personally felt compelled to resign. You must decide whether, viewed objectively and considering all of the circumstances, a reasonable person in Plaintiff's position would have felt that he had no choice but to resign.*

**DEFENDANT'S AUTHORITY:** *Chapman v. Oakland Living Center, Inc.*, 48 F.4th 222, 235 (4th Cir. 2022); *U.S. Equal Employment Opportunity Commission v. Consol Energy, Inc.*, 860 F.3d 131, 144 (4th Cir. 2017); *Dones v. Donahoe*, 987 F. Supp. 2d 659, 668 (D. Md. 2013); *Evans v. Int'l Paper Co.*, 936 F.3d 183, 193 (4th Cir. 2019).

**PLAINTIFF'S JURY INSTRUCTION NO. 4**
**<u>PRETEXT</u>**

Defendant may offer one or more nondiscriminatory or nonretaliatory reasons for its actions. Plaintiff may attempt to prove that a reason offered by Defendant is not the true reason but is a pretext for discrimination or retaliation.

If you find that Defendant's stated reason is not true, you may, but are not required to, infer that Defendant acted because of race or retaliation. You must decide the ultimate question of Defendant's motive from all of the evidence and under the causation standard stated in the instruction for the claim you are considering.

You are not to substitute your own business judgment for Defendant's. A reason is not a pretext merely because you believe Defendant was mistaken, unwise, or unfair. The question is whether the stated reason was the true reason or instead concealed unlawful discrimination or retaliation.

*See* MPJI-Cv 22:6, 22:8 (5th ed. 2024), *modified*; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141-48 (2000); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

**<u>OBJECTION/SUGGESTION</u>:**

Crane Service proposes its own pretext instruction. (*See* Def. Jury Inst. No. 7, *infra*.)

**PLAINTIFF'S JURY INSTRUCTION NO. 5**
**RACE DISCRIMINATION - TITLE VII, MFEPA, AND PRINCE GEORGE'S COUNTY LAW**

If you find that Plaintiff was actually or constructively discharged, Plaintiff may recover for intentional race discrimination under Title VII, the Maryland Fair Employment Practices Act, and Prince George's County law if:

(1) Defendant discharged Plaintiff; and

(2) Plaintiff's race was a motivating factor in the discharge.

A motivating factor is a factor that made a difference in Defendant's decision or conduct. Plaintiff need not prove that race was the sole or exclusive reason for the discharge.

*See* 42 U.S.C. §§ 2000e-2(a)(1), 2000e-2(m); Md. Code Ann., State Gov't § 20-606(a)(1)(i); Prince George's Cnty., Md., Code § 2-222; MPJI-Cv 22:5 (5th ed. 2024), *modified*; *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98–102 (2003); *Ruffin Hotel Corp. of Md., Inc. v. Gasper*, 418 Md. 594, 609–11, 17 A.3d 676, 685-86 (2011); *Staves v. Prince George's Cty. Bd. of Educ.*, Civil Action No. 19-cv-02262-LKG, 2023 U.S. Dist. LEXIS 52800, at *17–*21 (D. Md. Mar. 27, 2023); ECF No. 87 at 10-11.

**OBJECTION/SUGGESTION:**

Crane Service maintains that a standalone race discrimination instruction is not necessary here because Plaintiff's specific race discrimination claims under Title VII, MFEPA, and Prince George's County Code (hostile work environment and retaliation/constructive discharge) have specific instructions. Inclusion of an additional race discrimination instruction would be superfluous and potentially confusing to the jury.

**PLAINTIFF'S JURY INSTRUCTION NO. 6**
**RACE DISCRIMINATION - 42 U.S.C. § 1981**

If you find that Plaintiff was actually or constructively discharged, Plaintiff may recover for intentional race discrimination under 42 U.S.C. § 1981 if he proves that, but for his race, he would not have been discharged.

"But for" does not mean that race must have been the only cause. It means that the discharge would not have occurred in the absence of the racial consideration.

*See* 42 U.S.C. § 1981; *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 331–34, 341 (2020).

**OBJECTION/SUGGESTION:**

Crane Service maintains that a standalone race discrimination instruction is not necessary here because Plaintiff's specific race discrimination claims under 42 U.S.C. § 1981 (hostile work environment and retaliation/constructive discharge) have specific instructions. Inclusion of an additional generic race discrimination instruction would be superfluous and potentially confusing to the jury.

**PLAINTIFF'S JURY INSTRUCTION NO. 7**
**RACE-BASED HOSTILE WORK ENVIRONMENT - TITLE VII AND PRINCE GEORGE'S COUNTY LAW**

Plaintiff may recover for a race-based hostile work environment under Title VII and Prince George's County law if he proves:

(1) he was subjected to unwelcome conduct;

(2) the conduct was based on his race;

(3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create a hostile or abusive work environment; and

(4) the harassment is attributable to Defendant.

The environment must have been one that Plaintiff actually perceived as hostile or abusive and that a reasonable person in Plaintiff's position would also have perceived as hostile or abusive. In deciding whether conduct was severe or pervasive, consider all of the circumstances, including its frequency and severity, whether it was physically threatening or humiliating, and whether it unreasonably interfered with Plaintiff's work. The standard is severe ***or*** pervasive; both are not required.

*See* 42 U.S.C. § 2000e-2(a)(1); Prince George's Cnty., Md., Code § 2-222; *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–23 (1993); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 271, 276–80 (4th Cir. 2015) (en banc); *Laurent-Workman v. Wormuth*, 54 F.4th 201, 210–12 (4th Cir. 2022); ECF No. 87 at 11-14.

**OBJECTION/SUGGESTION:**

Crane Service proposes its own hostile work environment instructions for Plaintiff's Title VII, MFEPA, and Prince George's County Law claims. (See Def. Jury Inst. Nos. 1, 3-4, *infra*.) The critical difference between the proposed instructions relates to the fourth element. Crane Service contends that conduct must be legally "imputable" on the employer, not merely "attributable." This terminology tracks Fourth Circuit case law governing race-based hostile work environment claims brought under Title VII. *See E.E.O.C. v. Xerxes Corp.*, 639 F.3d 658, 669 (4th Cir. 2011) ("Thus, for purposes of the fourth element, we need only inquire as to whether the EEOC presented sufficient evidence to demonstrate that Xerxes' responses to the complaints made under its policies were not reasonably calculated to end the harassment and, therefore, that liability for the harassment may be imputed to it."). "Attributable" improperly implies a lower standard for employer liability that does not apply.

A second distinction between Plaintiff's proposed instruction and Crane Service's is in the third element. Crane Service proposes an instruction that clarifies the abusive conduct must be so severe or pervasive that both the Plaintiff, himself, *and a reasonable person in Plaintiff's position* would find his work environment to be hostile or abusive. The subjective and objective components of

this third element are well established. *See Xerxes*, 639 F.3d at 676 ("The determination of whether 'race-harassment was so severe or pervasive as to alter the conditions of' employment includes 'both subjective and objective components.' The employer must demonstrate that he 'did perceive, and a reasonable person would perceive, the environment to be abusive or hostile.'") (*quoting E.E.O.C. v. Central Wholesalers*, 575 F.3d 167, 175 (4th Cir. 2009)).

Crane Service separately maintains that Plaintiff's MFEPA hostile work environment claim should be included in the same instruction because the "severe or pervasive" element applies to MFEPA hostile work environment claims based on race harassment. (*See* Defendant's objection to Pl. Jury Instr. No. 10, *infra*.)

**PLAINTIFF'S JURY INSTRUCTION NO. 8**
**RACE-BASED HOSTILE WORK ENVIRONMENT - 42 U.S.C. § 1981**

Plaintiff may recover for a race-based hostile work environment under 42 U.S.C. § 1981 if he proves:

(1) he was subjected to unwelcome conduct;

(2) the conduct was based on his race;

(3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create a hostile or abusive work environment;

(4) the harassment is attributable to Defendant; and

(5) but for Plaintiff's race, he would not have been subjected to the hostile work environment.

In deciding whether conduct was severe or pervasive, apply the same totality-of-the-circumstances standard described in Proposed Jury Instruction No. 6.

*See* 42 U.S.C. § 1981; *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 331–34 (2020), 341; *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183–87 (4th Cir. 2001); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 271-72 (4th Cir. 2015).

**OBJECTION/SUGGESTION:**

Crane Service proposes its own hostile work environment instructions for Plaintiff's claim under 42 U.S.C. § 1981. (See Def. Jury Inst. Nos. 2-4, *infra*.) As is the case for the instruction governing Plaintiff's hostile work environment claims brought under Title VII, MFEPA, and Prince George's County law, the critical difference relates to the fourth element. Crane Service contends that conduct must be legally "imputable" on the employer, not merely "attributable." This terminology tracks Fourth Circuit case law governing race-based hostile work environment claims brought under Section 1981. *Guessous v. Fairview Property Investments, LLC*, 828 F.3d 208, 221 (4th Cir. 2016) (to prevail on hostile work environment claim based on race brought under Section 1981, the plaintiff must show "(1) unwelcome conduct; (2) that is based on the plaintiff's [protected characteristic]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer."). "Attributable" improperly implies a lower standard for employer liability that does not apply.

Crane Service also proposes clarifying the subjective and objective components of the third element of the claim, consistent with Title VII standards. *See Gordon v. Heath*, 179 F.4th 263, 271 (4th Cir. 2026) (hostile work environment claims brought under Section 1981 are governed by the same principles as hostile work environment claims under Title VII.").

**PLAINTIFF'S JURY INSTRUCTION NO. 9**
**EMPLOYER RESPONSIBILITY FOR COWORKER HARASSMENT - TITLE VII, § 1981, AND PRINCE GEORGE'S COUNTY LAW**

For the Title VII, § 1981, and Prince George's County hostile work environment claims, Plaintiff must prove that Defendant had actual or constructive knowledge of the harassment and failed to take prompt and adequate remedial action.

Once an employer has notice of harassment, it must respond with remedial action reasonably calculated to end the harassment. In deciding whether Defendant's response was reasonably calculated to end the harassment, you may consider, among other circumstances, the promptness of any investigation, whether offending employees were counseled or disciplined, whether Defendant enforced its policies, whether the response was actually effective, and how Defendant responded to any recurrence.

The mere existence of an anti-harassment policy does not by itself establish that Defendant acted reasonably. Likewise, the mere recurrence of harassment does not by itself establish that an earlier response was unreasonable. You must consider the reasonableness of Defendant's response under all of the circumstances.

*See EEOC v. Xerxes Corp.*, 639 F.3d 658, 668–70, 674–75 (4th Cir. 2011); *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 319–20 (4th Cir. 2008); *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 186–87 (4th Cir. 2001); ECF No. 87 at 15-26.

**OBJECTION/SUGGESTION:**

Crane Service proposes several alternative instructions regarding employer responsibility for coworker harassment. (*See* Def. Jury Inst. Nos. 5-6.)

Crane Service's instructions clarify the circumstances under which coworker harassment may be imputable on an employer under the *Xerxes* standard. Crane Service also includes an instruction explaining the factors the jury should consider when deciding if Crane Service satisfies the *Xerxes* defense that coworker harassment may not be imputed to an employer where it takes prompt remedial action reasonably calculated to end the harassment. *See Xerxes*, 653 F.3d at 675 ("So long as the employer's response to each known incident of coworker harassment is reasonably prompt, and the employer takes remedial measures that are reasonably calculated to end the harassment, liability may not be imputed on the employer as a matter of law."). This supplemental instruction is necessary to effectively inform the jury's evaluation of Crane Service's response to Plaintiff's complaints and whether Crane Service can be held liable as a matter of law.

**PLAINTIFF'S JURY INSTRUCTION NO. 10**
**<u>MFEPA - RACE-BASED HARASSMENT</u>**

Plaintiff may recover for race-based harassment under the Maryland Fair Employment Practices Act if he proves:

(1) he was subjected to conduct that was unwelcome and offensive;

(2) the conduct was based on Plaintiff's race; and

(3) was either:

a. made explicitly or implicitly a term or condition of employment of Plaintiff;

b. used as the basis for employment decisions affecting Plaintiff; or

c. based on the totality of the circumstances, the conduct unreasonably created a working environment that a reasonable person in Plaintiff's position would perceive to be abusive or hostile.

Under Maryland law, the conduct need not be severe or pervasive.

*See* Md. Code Ann., State Gov't §§ 20-601(h)(1), 20-606(a)(5); MPJI-Cv 22:11(A) (5th ed. 2024), *modified to conform to* § 20-601(h)(1)(ii)(3) *and the hostile environment theory presented in this case*; *Hammond-Thompson v. Temple View Capital*, No. 23-cv-1502-ABA, 2026 U.S. Dist. LEXIS 65391, at *32–*37 (D. Md. Mar. 27, 2026*)* (Abelson, J.).

**<u>OBJECTION/SUGGESTION</u>:**

Crane Service objects to a separate MFEPA hostile work environment instruction that omits the "severe or pervasive" element from Plaintiff's burden.

Plaintiff's authority offered to show the "severe or pervasive" element does not apply to MFEPA hostile work environment claims involved a claim of sexual harassment. *See Hammond-Thompson v. Temple View Capital*, 2026 WL 850510 (D. Md. Mar. 27, 2026). That case is not instructive here.

Recent decisions from this Court and Maryland state courts affirm the "severe and pervasive" element applies to MFEPA hostile work environment claims that are not based on sexual harassment. *See Hurley v. Howard County Department of Police*, 2026 WL 864078, at 13 (D. Md. Mar. 30, 2026) (dismissing plaintiff's MFEPA hostile work environment claim for insufficient allegations of severe or pervasive conduct); *White v. Diggs*, 2026 WL 862089, at *7 (Md. App. Mar. 30, 2026) (to establish hostile work environment claim under MFEPA, "a party must show that the harassment was based on a suspect class (e.g., race, sex, religion), that it was unwelcome and that it was sufficiently severe or pervasive as to create an abusive working

environment."); *Aton v. Triple Canopy, Inc.*, 2026 WL 2178774, at *5-6 (D. Md. Jul. 29, 2026) (explaining that for hostile work environment claims under Title VII, the ADEA, and MFEPA to survive challenge, "some facts must make plausible that the plaintiff (1) experienced unwelcome conduct, (2) that was imputable to the employer, (3) that the conduct was aimed at a protected characteristic, and (4) was sufficiently severe and pervasive to alter the conditions of her employment."); *Kiver v. Federal Business Counsel, Inc.*, 2024 WL 3424059, at *11-12 (D. Md. Jul. 16, 2024) (dismissing MFEPA hostile work environment claim for failure to plead facts sufficient to show conduct was objectively severe or pervasive).

**PLAINTIFF'S JURY INSTRUCTION NO. 11**
**MFEPA - EMPLOYER RESPONSIBILITY FOR HARASSMENT**

For Plaintiff's Maryland Fair Employment Practices Act harassment claim, Defendant is responsible for harassment if Plaintiff proves either:

(1) the acts or omissions toward Plaintiff were committed by an individual who undertook or recommended tangible employment actions affecting Plaintiff, or who directed, supervised, or evaluated Plaintiff's work activities; or

(2) Defendant's negligence led to the harassment or to the continuation of harassment.

*See* Md. Code Ann., State Gov't § 20-611; *Hammond-Thompson v. Temple View Capital*, No. 23-cv-1502-ABA, 2026 U.S. Dist. LEXIS 65391, at *32–*37 (D. Md. Mar. 27, 2026*)* (Abelson, J.).

**OBJECTION/SUGGESTION:**

Crane Service objects to this instruction and counter-proposes two instructions informing the jury of standards governing employer liability on all hostile work environment claims. As explained in Crane Service's objections to Plaintiff's Jury Instruction No. 9, its counter-proposed instructions more specifically explain the *Xerxes* standard for employer liability for coworker harassment. (*See* Def. Jury Inst. Nos. 5-6, *infra*.)

Because Plaintiff's MFEPA claims are the state analogue of Title VII, the employer liability standards established in *Xerxes* applies the same. *See Adbelnaby v. Durham D & M LLC*, 2017 WL 3725500, at *3, 4 n.6 (D. Md. Aug. 29, 2017) (citing *Xerxes*, granting summary judgment for defendant on Title VII and MFEPA hostile work environment claims because the plaintiff failed to create a genuine dispute of material fact over whether defendant's response to the incident was reasonably calculated to end the harassment).

**PLAINTIFF'S JURY INSTRUCTION NO. 12**
**DAMAGES FOR STATUTORY EMPLOYMENT CLAIMS**

If you find for Plaintiff on one or more claims, you must determine what damages, if any, were caused by the unlawful conduct you found. Your award should not be based on guesswork.

You must itemize your verdict to show the separate amounts, if any, intended for:

(1) Back pay. If you find that Defendant's unlawful conduct caused Plaintiff's employment to end, "back pay" means the wages and fringe benefits that Plaintiff would have earned in his employment with Defendant from February 28, 2023, through the date of your verdict had the unlawful conduct not caused his employment to end, minus any earnings or benefits that Plaintiff actually received from other employment during that time; and

(2) Other compensatory damages supported by the evidence, including reasonable medical or treatment expenses, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other proven pecuniary or nonpecuniary losses caused by Defendant's unlawful conduct.

Do not include attorneys' fees, litigation costs, interest, or front pay in your award. Those matters, if applicable, will be determined by the Court.

You should not reduce an award because of a contention that Plaintiff failed to exercise reasonable diligence to seek or accept other employment. No failure to mitigate defense is before you.

*See* MPJI-Cv 10:36 (5th ed. 2024), *modified*; 42 U.S.C. §§ 1981, 1981a; Md. Code Ann., State Gov't §§ 20-1009(b), 20-1202(b); *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975); *Corti v. Storage Tech. Corp.*, 304 F.3d 336, 341–43 (4th Cir. 2002); *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846–54 (2001) (front pay is equitable); ECF No. 87 at 29-30 (contemplating jury consideration of economic damages in this case). Plaintiff requests a jury finding on back pay because § 1981 and the state/local claims provide legal damages remedies; any equitable back pay or front pay relief remains for the Court. Defendant withdrew its affirmative defenses in ECF No. 63 at 1, and the Court treated Plaintiff's sanctions motion as moot on that basis, ECF No. 71 at 2. Failure to mitigate is an affirmative defense on which the employer bears the burden. *See Wagner v. Dillard Dep't Stores, Inc.*, 17 F. App'x 141, 152–53 (4th Cir. 2001) ("A failure to mitigate claim is an affirmative defense for which the employer bears the burden of proof."). Accordingly, MPJI-Cv 22:15 is not applicable.

**OBJECTION/SUGGESTION:**

Crane Service objects to this instruction and proposes alternative damages instructions. (*See* Def. Jury Inst. Nos. 9-12, 15.). The critical distinctions relate to (1) the jury's authority to award back pay and (2) the issue of mitigation of damages.

Crane Service asserts that back pay is an equitable remedy to be decided by the Court in the event Plaintiff meets his proofs on liability. *See Byrd v. Local 24, I.B.E.W.*, 1977 WL 15446 (D. Md. Jun. 13, 1977) (back pay under 42 U.S.C. § 1981 or Title VII is an equitable remedy to be decided by the court); *Corti v. Storage Technology Corp.*, 304 F.3d 336, 344 (4th Cir. 2002) (Niemeyer, concurring) ("Thus, under the scheme established under Title VII, the court awards backpay, and the jury awards other compensatory damages."); *Johnson v. Chapel Hill Independent School District*, 853 F.2d 375, 383 (5th Cir. 19988) ("A back pay award under Title VII is considered equitable rather than legal in nature, and its character does not change simply because the award is made pursuant to § 1981 or § 1983.").

Separately, Crane Service maintains that it did not waive the failure to mitigate defense, and so an instruction to the jury on that defense is proper. That issue is pending before the Court. (*See* Dkts. 97, 102.)

**PLAINTIFF'S JURY INSTRUCTION NO. 13**
**SUSCEPTIBILITY TO INJURY**

The effect that an injury might have upon a particular person depends upon the susceptibility to injury of the plaintiff. In other words, the fact that the injury would have been less serious if inflicted upon another person should not affect the amount of damages to which Plaintiff may be entitled.

*See* MPJI-Cv 10:3 (5th ed. 2024); *Coca Cola Bottling Works, Inc. v. Catron*, 186 Md. 156, 46 A.2d 303 (1946); *Peterson v. Goodyear Tire & Rubber Co.*, 254 Md. 137, 254 A.2d 198 (1969); *Muldrow v. City of St. Louis*, 601 U.S. 346, 358 (2024) ("The [anti-discrimination provision of Title VII] thus flatly prevents injury to individuals based on status…without distinguishing between significant and less significant harms.").

**OBJECTION/SUGGESTION:**

Crane Service objects to this instruction, which runs counter to the fundamental elements governing Plaintiff's hostile work environment claims. Plaintiff is required to prove that both he and a reasonably person in his shoes would perceive the environment to be abusive or hostile. *See Xerxes*, 639 F.3d at 676 ("The determination of whether 'race-harassment was so severe or pervasive as to alter the conditions of' employment includes 'both subjective and objective components.' The employer must demonstrate that he 'did perceive, and a reasonable person would perceive, the environment to be abusive or hostile.'") (*quoting E.E.O.C. v. Central Wholesalers*, 575 F.3d 167, 175 (4th Cir. 2009)). This instruction would risk confusing the jury's evaluation of the objective analysis.

Plaintiff's authorities do not establish this tort doctrine applies to statutory discrimination claims. *See Coca Cola Bottling Works, Inc.*, 186 Md. at 158-61 (applying egg-shell plaintiff rule to claim arising from plaintiff drinking coca cola bottle that contained a dead mouse, explaining that plaintiff's pre-existing stomach condition would not excuse defendant's wrongdoing); *see also Peterson*, 254 Md. at 138-139 (action for personal injuries and property damage sustained from a collision between plaintiff and a truck owned by Goodyear, in which plaintiff claimed the accident aggravated a pre-existing back condition).

Further, *Muldrow* does not support application of the proposed instruction. The issue in *Muldrow* was whether a plaintiff is required to show a "significant" employment disadvantage resulting from a discriminatory transfer to state a sex discrimination claim under Title VII. *See Muldrow*, 601 U.S. at 350. The Supreme Court held that Title VII does not establish a "significance" threshold, and that the standard merely requires the employee to show "some harm" respecting an identifiable term or condition of employment. *See id*. at 354-55. The *Muldrow* decision does not discuss, much less adopt any rule, regarding an employer's pre-existing susceptibility to a particular injury.

**PLAINTIFF'S JURY INSTRUCTION NO. 14**
**FEDERAL PUNITIVE DAMAGES - TITLE VII AND 42 U.S.C. § 1981**

If you find Defendant liable under Title VII or 42 U.S.C. § 1981, you may consider punitive damages only if Plaintiff proves by a preponderance of the evidence that the unlawful discrimination or retaliation was committed with malice or reckless indifference to Plaintiff's federally protected rights.

Malice or reckless indifference concerns the actor's knowledge that the conduct might violate federal anti-discrimination law. Punitive damages may be appropriate when a person discriminates or retaliates in the face of a perceived risk that the conduct will violate federal law. Intentional discrimination by itself is not enough.

To impose punitive damages on Defendant based on the conduct of an employee, the conduct and state of mind must also be attributable to Defendant. This requirement may be satisfied, for example, where a managerial employee acting within the scope of employment committed the unlawful conduct, or where Defendant or a managerial agent authorized or ratified the conduct.

If these requirements are satisfied, you may, but are not required to, award punitive damages to punish and deter.

*See* 42 U.S.C. § 1981a(b)(1), (c)(2); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 533–46 (1999); *Anderson v. G.D.C., Inc.*, 281 F.3d 452, 459-62 (4th Cir. 2002); *Ward v. AutoZoners, LLC*, 958 F.3d 254, 268–72 (4th Cir. 2020). Defendant withdrew its affirmative defenses in ECF No. 63 at 1; Plaintiff therefore does not propose a *Kolstad* good faith affirmative defense instruction.

**OBJECTION/SUGGESTION:**

Crane Service objects to this instruction Crane Service does not expect that Plaintiff will be able to introduce evidence sufficient to warrant giving this instruction. Crane Service requests that the Court wait until the conclusion of the evidence to decide whether a punitive damages instruction is warranted.

If a punitive damages instruction is warranted, Crane Service proposes a single alternative instruction based on the Sand and Sieffert model instruction. (*See* Def. Jury Inst. No. 11.) Crane Service contends that any award of punitive damages would be subject to the same "malicious or reckless indifference" standard, and that multiple punitive damages instructions for each of Plaintiff's individual claims risks confusing the jury. To the extent the Court determines that Maryland and Prince George's County law impose a higher standard to award punitive damages, Crane Service contends that a second punitive damages instruction for those claims would be appropriately streamlined to a brief explanation of the heightened "clear and convincing" and "actual malice" standard requirements.

**PROPOSED JURY INSTRUCTION NO. 15**
**PUNITIVE DAMAGES - MFEPA**

If you find Defendant liable under the Maryland Fair Employment Practices Act, you may consider punitive damages if Plaintiff proves by clear and convincing evidence that Defendant engaged in the unlawful employment practice with malice.

Clear and convincing evidence requires more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. To be clear and convincing, evidence should be certain, plain to the understanding, and unambiguous in the sense that it is so reasonable and persuasive as to cause you to believe it. Malice means conduct motivated by evil motive, intent to injure, ill will, or fraud.

The purpose of punitive damages is not to compensate Plaintiff, but to punish Defendant and deter similar conduct in the future. If the requirements are satisfied, you may award punitive damages.

*See* Md. Code Ann., State Gov't § 20-1013(e)-(f); MPJI-Cv 10:14 (5th ed. 2024), *modified*; *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 460, 469, 601 A.2d 633, 652, 657 (1992).

**OBJECTION/SUGGESTION**:

Crane Service objects to this instruction because a punitive damages instruction is not necessary. The evidence in this case will show that Crane Service responded to Plaintiff's complaints promptly and seriously. There is no evidence indicating that Crane Service acted with malice or reckless indifference to Plaintiff's statutory rights. Crane Service requests that the Court wait until the conclusion of the evidence to decide whether a punitive damages instruction is warranted.

If a punitive damages instruction is warranted, Crane Service proposes a single alternative instruction based on the Sand and Sieffert model instruction. (*See* Def. Jury Inst. No. 11.) Crane Service contends that any award of punitive damages would be subject to the same "malicious or reckless indifference" standard, and that multiple punitive damages instructions for each of Plaintiff's individual claims risks confusing the jury. To the extent the Court determines that Maryland and Prince George's County law impose a higher standard to award punitive damages, Crane Service contends that a second punitive damages instruction for those claims would be appropriately streamlined to a brief explanation of the heightened "clear and convincing" and "actual malice" standard requirements.

**PLAINTIFF'S JURY INSTRUCTION NO. 16**
**PUNITIVE DAMAGES - PRINCE GEORGE'S COUNTY LAW**

If you find Defendant liable under Prince George's County law and award compensatory damages on that claim, you may consider punitive damages if Plaintiff proves by clear and convincing evidence that the unlawful conduct was committed with malice.

Clear and convincing evidence requires more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. To be clear and convincing, evidence should be certain, plain to the understanding, and unambiguous in the sense that it is so reasonable and persuasive as to cause you to believe it. Malice means conduct motivated by evil motive, intent to injure, ill will, or fraud.

The purpose of punitive damages is not to compensate Plaintiff, but to punish Defendant and deter similar conduct in the future. If the requirements are satisfied, you may, but are not required to, award punitive damages.

*See* Md. Code Ann., State Gov't § 20-1202(b); MPJI-Cv 10:14 (5th ed. 2024), *modified*; *Shabazz v. Bob Evans Farms, Inc.*, 163 Md. App. 602, 638–46, 881 A.2d 1212, 1233–38 (2005); *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 460, 469, 601 A.2d 633, 652, 657 (1992).

**OBJECTION/SUGGESTION:**

Crane Service objects to this instruction because a punitive damages instruction is not necessary. The evidence in this case will show that Crane Service responded to Plaintiff's complaints promptly and seriously. There is no evidence indicating that Crane Service acted with malice or reckless indifference to Plaintiff's statutory rights. Crane Service requests that the Court wait until the conclusion of the evidence to decide whether a punitive damages instruction is warranted.

If a punitive damages instruction is warranted, Crane Service proposes a single alternative instruction based on the Sand and Sieffert model instruction. (*See* Def. Jury Inst. No. 11.) Crane Service contends that any award of punitive damages would be subject to the same "malicious or reckless indifference" standard, and that multiple punitive damages instructions for each of Plaintiff's individual claims risks confusing the jury. To the extent the Court determines that Maryland and Prince George's County law impose a higher standard to award punitive damages, Crane Service contends that a second punitive damages instruction for those claims would be appropriately streamlined to a brief explanation of the heightened "clear and convincing" and "actual malice" standard requirements.

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**DEFENDANT'S JURY INSTRUCTION NO. 1**
**RACE-BASED HOSTILE WORK ENVIRONMENT - TITLE VII, MARYLAND FAIR EMPLOYMENT PRACTICES ACT, AND PRINCE GEORGE'S COUNTY LAW**

To establish a hostile work environment claim based on race, Plaintiff must prove, by a preponderance of credible evidence, each of the following elements:

(1) he was subjected to unwelcome conduct, ridicule, or other abusive conduct;

(2) the abusive conduct was motivated, at least in part, by the Plaintiff's race;

(3) That the abusive conduct was so severe or pervasive that both the Plaintiff himself and a reasonable person in the Plaintiff's position would find his work environment to be hostile or abusive; and

(4) the conduct is imputable to Defendant.

Sand & Siffert, *4 Modern Federal Jury Instructions-Civil*, ¶ 88-45 (2026) (modified); *Guessous v. Fairview Property Investments, LLC*, 828 F.3d 208, 221 (4th Cir. 2016); *Amirmokri v. Balt. Gas. And Elec. Co.*, 60 F.3d 1126, 1130-31 (4th Cir. 1995); *E.E.O.C. v. Xerxes Corp.*, 639 F.3d 658, 668-69 (4th Cir. 2011); *E.E.O.C. v. Central Wholesalers*, 575 F.3d 167, 175 (4th Cir. 2009).

**OBJECTION/SUGGESTION:**

Plaintiff objects to this Instruction because it fails to take into account the 2022 Amendments to MFEPA which explicitly state that "harassment" includes "unwelcome and offensive conduct, which need not be severe or pervasive…". Indeed, this Court has explained that the severe or pervasive standard for MFEPA hostile work environment claims are no longer valid. *See Cato v. Mission Rock Residential, LLC*, 2026 U.S. Dist. LEXIS 134477, at *41–42 (D. Md. 2026); *see also Graham v. Volvo Grp. N. Am. Moha*, 2026 U.S. Dist. LEXIS 58566, at *25-26 (D. Md. 2026).

Plaintiff objects to Defendant's styling of the first element herein as "unwelcome conduct, ridicule, or other abusive conduct". The term "abusive" is used by Defendant to describe all of the other forms of conduct herein, but the numerous tests contained in the cited cases make clear that "unwelcome conduct" is sufficient. Accordingly, the first element should simply be "subjected to unwelcome conduct."

Plaintiff objects to this Instruction in whole and believes that his Jury Instructions Nos. 7 and 10 on this topic are sufficient.

**DEFENDANT'S JURY INSTRUCTION NO. 2**
**RACE-BASED HOSTILE WORK ENVIRONMENT - 42 U.S.C. § 1981**

To establish a hostile work environment claim based on race under 42 U.S.C. § 1981, Plaintiff must prove, by a preponderance of credible evidence, each of the following elements:

(1) he was subjected to unwelcome conduct, ridicule, or other abusive conduct;

(2) the abusive conduct was motivated, at least in part, by the Plaintiff's race;

(3) that the abusive conduct was so severe or pervasive that both the Plaintiff himself and a reasonable person in the Plaintiff's position would find his work environment to be hostile or abusive;

(4) the conduct is imputable to Defendant; and

(5) but for Plaintiff's race, he would not have been subjected to the hostile work environment.

So, for Plaintiff to prove a hostile work environment claim under 42 U.S.C. § 1981, he must prove all of the same elements that he must prove for his claims under Title VII, Maryland Fair Employment Practices Act, and the Prince George's County Code, plus an additional fifth element that "but-for Plaintiff's race, he would not have been subjected to the hostile work environment."

*See* 42 U.S.C. § 1981; *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 331–34 (2020), 341; *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183–87 (4th Cir. 2001); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 271-72 (4th Cir. 2015).

**<u>OBJECTION/SUGGESTION</u>:**

Plaintiff objects to Defendant's styling of the first element herein as "unwelcome conduct, ridicule, or other abusive conduct". The term "abusive" is used by Defendant to describe all of the other forms of conduct herein, but the numerous tests contained in the cited cases make clear that "unwelcome conduct" is sufficient. Accordingly, the first element should simply be "subjected to unwelcome conduct."

Plaintiff objects to this Instruction in whole and believes that his Jury Instruction No. 8 on this topic are sufficient.

**DEFENDANT'S JURY INSTRUCTION NO. 3**
**REASONABLE PERSON STANDARD**

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person. This is an objective standard, and you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.

*See Harris v. Forklift Sys.*, 510 U.S. 17, 21-23 (1993); *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81 (1998); *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008); *E.E.O.C. v. Xerxes Corp.*, 639 F.3d 658, 676 (4th Cir. 2011).

**OBJECTION/SUGGESTION:**

Plaintiff objects because the proposed instruction is not supported by the cases cited herein. Except for the portion stating that a reasonable person standard is an objective standard, no other portion of this instruction is supported by the cases cited.

Plaintiff objects because no reasonable person instruction is necessary, let alone the one provided by Defendant. Indeed, there is already an instruction as to the elements of hostile work environment under each of the relevant statutes. Importantly, "[w]hile the first element is subjective, the rest of the test is made up of objective components based on a 'reasonable person' standard." *Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 781 – 782 (4th Cir. 2023) (quoting *Pueschel v. Peters*, 577 F.3d 558, 565 (4th Cir. 2009)). Because the jury will be instructed as to the relevant elements for the hostile work environment cause of action, which incorporates the objective component, this instruction is needlessly cumulative and may serve to mislead the jury. Accordingly, Plaintiff objects to this Instruction in whole.

**DEFENDANT'S JURY INSTRUCTION NO. 4**
**SEVERE OR PERVASIVE FACTORS**

To determine whether the conduct in this case was "severe or pervasive" that a reasonable person in the Plaintiff's position would find it created an environment so hostile or offensive that it would interfere with his work performance, you should consider all the circumstances, including:

1. The frequency of the conduct;
2. Its severity;
3. Its duration;
4. Whether it was physically or psychologically threatening or humiliating, or a mere offensive utterance; and
5. Whether it unreasonably interfered with the Plaintiff's work performance.

Conduct that amounts only to ordinary socializing in the workplace does not create a hostile work environment. A hostile work environment will not result from occasional horseplay, offhand comments, simple teasing, sporadic use of offensive language, or occasional jokes related to race. But discriminatory intimidation, ridicule, insults, or other verbal or physical conduct may be so extreme that it creates a hostile work environment.

*See* Federal Civil Jury Instructions, Eleventh Circuit 4.7; Federal Civil Jury Instructions, Seventh Circuit 3.04(c); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *E.E.O.C. v. Xerxes Corp.*, 639 F.3d 658, 676 (4th Cir. 2011).

**OBJECTION/SUGGESTION:**

Plaintiff objects to this Instruction because the entire final paragraph is completely unsupported by the cited materials. Indeed, it is a misstatement of law that sporadic use of offensive language "will not" create a hostile work environment . *See Boyer-Liberto*, 786 F.3d 264, 280 (4th Cir. 2015) (recognizing that an alleged supervisor's "two uses of the 'porch monkey' epithet – whether viewed as a single incident or as a pair of discrete instances of harassment – were severe enough to engender a hostile work environment"); *see also Chapman v. Oakland Living Ctr., Inc.*, 48 F.4th 222, 231 (4th Cir. 2022) ("[W]e have recognized that even a single use of the n-word or a similar racial slur by a supervisor can engender a hostile work environment.")

Plaintiff objects to this Instruction in whole and believes that his Jury Instructions Nos. 7, 8, and 10 on this topic are sufficient.

**DEFENDANT'S JURY INSTRUCTION NO. 5**
**EMPLOYER LIABILITY**

If you find that Plaintiff failed to prove any of the first three elements of his hostile work environment claims by a preponderance of the evidence, then you should proceed no further and rule for the Defendant.

If you find that Plaintiff proved the first three elements, then you must determine whether Plaintiff has established that the hostile work environment is imputable to the employer. Imputable means that the employer should be held responsible for the actions of the employees. To meet this burden, the Plaintiff must establish one of the following:

1. That a supervisor used his or her authority to further the creation of a discriminatorily abusive working environment; or

2. That the employer knew about harassment by non-supervisory coworkers but failed to take prompt and adequate remedial action.

*See E.E.O.C. v. Xerxes Corp.*, 639 F.3d 658, 668-70 (4th Cir. 2011); *Guessous v. Fairview Property Investments, LLC*, 828 F.3d 208, 221 (4th Cir. 2016); *Mikels v. City of Durham, N.C.*, 183 F.3d 323, 329 (4th Cir. 1999).

**OBJECTION/SUGGESTION:**

Plaintiff objects to this Instruction because it is argumentative and needlessly cumulative with Defendant's Instruction No. 6. Plaintiff objects because this Instruction does not accurately capture the employer liability standard for Plaintiff's MFEPA harassment claim.

Plaintiff objects to this Instruction in whole and believes that his Jury Instructions Nos. 9 and 11 on this topic are sufficient.

**DEFENDANT'S JURY INSTRUCTION NO. 6**
**EMPLOYER REMEDIAL ACTION – PROMPT REMEDIAL ACTION**

Hostile work environment by co-workers is not imputable to the employer if the employer's remedial action was prompt and reasonably calculated to end the harassment. There is no exhaustive list or particular combination of remedial measures or steps that an employer must take to insulate itself from liability.

You should consider the following factors:

1. The promptness of the employer's investigation when complaints are made;

2. Whether the response was proportional to the seriousness and frequency of the harassment;

3. Whether offending employees were counseled or disciplined for their actions; and

4. Whether the employer's response was actually effective.

The mere fact that harassment reoccurs in the workplace, either by the same offender or different offenders, does not, *ipso facto*, allow a jury to conclude that an employer's response was not reasonably calculated to end the harassment.

*See E.E.O.C. v. Xerxes Corp.*, 639 F.3d 658, 669-71 (4th Cir. 2011); *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 319 (4th Cir. 2008).

**OBJECTION/SUGGESTION:**

Plaintiff objects and asserts that the final phrase "allow a jury to conclude" should be rewritten to the second person so that it reads "allow you to conclude".

Plaintiff objects to this Instruction in whole and believes that his Jury Instructions Nos. 9 and 11 on this topic are sufficient.

**DEFENDANT'S JURY INSTRUCTION NO. 7**
**PRETEXT**

Defendant has offered evidence that it took the action against Plaintiff for legitimate, nondiscriminatory reasons. An employer is entitled to make an employment decision for a good reason, a bad reason, or no reason at all, so long as the decision is not motivated by unlawful discrimination. The question is not whether Defendant's decision was unwise, fair, or correct, or whether Defendant exercised good judgment. The question is only whether Plaintiff's race was an unlawful reason for the decision, and the burden of proving that remains with Plaintiff at all times.

You should evaluate the reasons Defendant has given you as you would any other evidence, together with the evidence Plaintiff has offered to show that those reasons are not the true reasons for the decision and are unworthy of belief. If you find that a reason Defendant gave was not the real reason for its decision – that is, it was a pretext – then you may, but are not required to, infer from that finding, considered together with all the other evidence, that the real reason was unlawful race discrimination. You are never required to draw that inference; whether to do so is for you to decide in light of all the evidence.

*See* Sand & Siffert, *4 Modern Federal Jury Instructions-Civil*, ¶ 88-45 (2026); Sand & Siffert, *4 Modern Federal Jury Instructions-Civil*, ¶ 87-18 (2026); MPJI-Cv 22:6.

**OBJECTION/SUGGESTION:**

Plaintiff objects that this Instruction is confusing, needlessly cumulative, and incorporates irrelevant considerations. Specifically, this Instruction states the same standards numerous times in the second paragraph. Plaintiff suggests that his Instruction No. 3 is the better instruction on this issue.

**DEFENDANT'S JURY INSTRUCTION NO. 8**
**IMPEACHMENT BY FELONY CONVICTION**

You have heard the testimony of a witness who was previously convicted of a crime punishable by more than one year in jail. This prior conviction was put into evidence only for you to consider in evaluating the witness's credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.

*See* Sand & Siffert, *4 Modern Federal Jury Instructions-Civil*, ¶ 76-6 (2026).

**OBJECTION/SUGGESTION:**

Plaintiff objects to this Instruction at this time pending the resolution of his Motion in *Limine* relating to his criminal history. Should the Motion be granted, Plaintiff's prior criminal history will not be admissible and no instruction of this kind will be necessary or required. Should the Motion be denied, Plaintiff requests that this Instruction be converted into a limiting instruction presented at the time of testimony and not submitted as a charge to the jury.

**DEFENDANT'S JURY INSTRUCTION NO. 9**
**<u>TYPES OF DAMAGES—GENERALLY</u>**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the Plaintiff's rights. If you find that the Defendant is liable on the claims, as I have explained them, then you must award the Plaintiff sufficient damages to compensate him or her for any injury proximately caused by the Defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the Plaintiff whole—that is, to compensate him for the damage suffered. Furthermore, compensatory damages are not limited merely to expenses that Plaintiff may have borne. A prevailing Plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a Defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a Plaintiff proves were proximately caused by a Defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a Plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a Plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

*See* Sand & Siffert, *4 Modern Federal Jury Instructions-Civil*, ¶ 77-3 (2026).

**<u>OBJECTION/SUGGESTION</u>:**

Plaintiff does not believe this Instruction or any Instruction as to the damages generally is required.

Plaintiff objects to this Instruction in whole and believes that his Jury Instructions Nos. 1 and 12 through 16 on this topic are sufficient.

**DEFENDANT'S JURY INSTRUCTION NO. 10**
**COMPENSATORY DAMAGES**

You must award the Plaintiff the sum of money that will justly and fairly compensate him for any injury you find he suffered as a direct result of the Defendant's misconduct. Compensatory damages must be based on evidence, not speculation or sympathy. At the same time, in determining the amount of the award it may often be impossible for you to arrive at a precise amount. For example, compensatory damages are available for emotional distress and humiliation under Section 1981. It is difficult to arrive at a precise calculation of actual damage for emotional harm from a violation of Section 1981. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence offered by the Plaintiff.

If you decide Plaintiff is entitled to compensatory damages, do not award damages for back pay (lost wages) or front pay (future wages). If you find Plaintiff succeeded on his claims, I will decide the amount of back pay and front pay he is entitled to.

*See* Sand & Siffert, *4 Modern Federal Jury Instructions-Civil*, ¶ 87-21 (2026) (modified); *Byrd v. Local 24, I.B.E.W.*, 1977 WL 15446 (D. Md. Jun. 13, 1977); *Corti v. Storage Technology Corp.*, 304 F.3d 336 (4th Cir. 2002); *Gallina v. Mintz, et al.*, 123 Fed. Appx. 558, 562 n.6 (4th Cir. 2005).

**OBJECTION/SUGGESTION:**

Plaintiff objects to this Instruction in so far as it instructs the jury to not award back pay. Back pay is a legal remedy for violations of MFEPA, Prince George's County's Human Rights Act, and Section 1981. *See Prince George's Cnty. v. Watts*, 2026 Md. LEXIS 321, at *17 (2026) (explaining that under the PGHRA and MFEPA a jury awarded an amount for back pay); *see also* Md. State & Gov't Code § 20-1202(b) (indicating that an action may be commenced for "damages, injunctive relief, or other civil relief"). Accordingly, the jury should determine the amount of back pay owed to Plaintiff based on the available evidence.

Notwithstanding the foregoing, Plaintiff is amenable to including the first paragraph of this Instruction into Plaintiff's Instruction No. 13 without the word "direct" in "direct result".

**DEFENDANT'S JURY INSTRUCTION NO. 11**
**PUNITIVE DAMAGES**

If you should find that the Defendant is liable for the Plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if the Plaintiff proves by a preponderance of the evidence that the Defendant's conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion—you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the Defendant in fixing the amount of punitive damages.

*See* Sand & Siffert, *4 Modern Federal Jury Instructions-Civil*, ¶ 77-5 (2026).

**OBJECTION/SUGGESTION:**

Plaintiff objects to the inclusion of the sentence "Punitive damages are appropriate only for especially shocking and offensive misconduct". This is an inaccurate statement of the law because punitive damages may be awarded whether there is "malice or reckless indifference to the federally protected rights of an aggrieved individual". *Kolstad v. ADA*, 527 U.S. 526, 530 (1999). Further, this Instruction conflates the various standards for punitive damages under the causes of action brought by Plaintiff.

Plaintiff objects to this Instruction in whole and believes that his Jury Instructions Nos. 14 through 16 on this topic are sufficient.

**DEFENDANT'S JURY INSTRUCTION NO. 12**
**MITIGATION OF DAMAGES**

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured party the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

If you find the Defendant is liable and that the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage he could have avoided through such reasonable effort. If the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity.

Bear in mind that the question whether the Plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured Plaintiff to sit idly by when presented an opportunity to mitigate, this does not imply that the law requires an injured Plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is the Defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce Plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied his burden of proving that the Plaintiff's conduct was not reasonable.

*See* Sand & Siffert, *4 Modern Federal Jury Instructions-Civil*, ¶ 77-7 (2026).

**OBJECTION/SUGGESTION:**

Plaintiff objects to this Instruction at this time pending the resolution of his Motion in *Limine* relating to mitigation as an affirmative defense. Accordingly, Plaintiff objects to this Instruction in whole, especially since Plaintiff's PGHRA claims do not contain any duty whatsoever to mitigate damages.

**DEFENDANT'S JURY INSTRUCTION NO. 13**
**SUMMARY OF CLAIMS**

In this case, Plaintiff has asserted federal statutory claims against Defendant Crane Service for race discrimination and retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). He has also asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), for hostile work environment based on race discrimination and Retaliation.

He has also asserted claims for discrimination and harassment on the basis of race under the Maryland Fair Employment Practices Act, Md. Code Ann. State Gov't § 20-601, *et seq*., and the Prince George's County Code, Md. Code § 2-222, *et seq*., and wrongful termination and/or constructive discharge on account of his race and/or complaining about race discrimination.

I will instruct you on the law on Plaintiff's claims against Crane Service.

**OBJECTION/SUGGESTION:**

Plaintiff objects to this Instruction insofar as it fails to appropriately capture all of Plaintiff's claims including "Plaintiff's…claim for discrete discrimination related to, *inter alia*, Defendant's termination of Plaintiff on February 28, 2023." [Dkt. 81] at 13. Indeed, this is a misstatement of Plaintiff's claims.

Plaintiff does not believe this Instruction or any Instruction as to the summary of Plaintiff's claims is required. Indeed, Plaintiff believes general Instructions of this sort are inefficient and do not preserve judicial economy.

**DEFENDANT'S JURY INSTRUCTION NO. 14**
**HOSTILE WORK ENVIRONMENT HARASSMENT UNDER MARYLAND FAIR EMPLOYMENT PRACTICES ACT AND PRINCE GEORGE'S COUNTY CODE**

Plaintiff asserts hostile work environment claims brought under Title VII, the Maryland Fair Employment Practices Act, and the Prince George's County Code. Plaintiff is required to establish the same elements for each of claim.

You should apply the same standard when deciding whether Plaintiff has met his burden to establish the claims.

I will explain the applicable legal standard to you now.

**AUTHORITY:** *Williams v. Silver Spring Volunteer Fire Dep't*, 86 F. Supp. 3d 398, 408 n.1 (D. Md. 2015); *Linton v. Johns Hopkins University Applied Physics Laboratory, LLC*, 2011 WL 4549177, at *4 n.2 (D. Md. Sep. 28, 2011); *Staves v. Prince George's Cnty. Bd. of Educ.*, 2023 WL 2648794, at *6 (D. Md. Mar. 27, 2023); *Bryan v. Prince George's Cnty., Md.*, 2011 WL 2650759, at *8 (D. Md. Jul. 5, 2011); *Marrero v. Verizon Maryland, LLC*, 2026 WL 2469219, at * 7 (D. Md. Aug. 24, 2026).

**OBJECTION/SUGGESTION:**

Plaintiff objects to this Instruction insofar as it misstates the legal standards under MFEPA and equates them with Title VII. Indeed, this Court has explained that the severe or pervasive standard for MFEPA hostile work environment claims are no longer valid. *See Cato v. Mission Rock Residential, LLC*, 2026 U.S. Dist. LEXIS 134477, at *41–42 (D. Md. 2026); *see also Graham v. Volvo Grp. N. Am. Moha*, 2026 U.S. Dist. LEXIS 58566, at *25-26 (D. Md. 2026).

Plaintiff does not believe that this Instruction or any general Instruction is required. Indeed, Plaintiff believes general Instructions of this sort are inefficient and do not preserve judicial economy.

**DEFENDANT'S JURY INSTRUCTION NO. 15**
**TITLE VII AND SECTION 1981 RETALIATION CLAIMS—GENERALLY**

The elements to establish a case of retaliation under Section 1981 and Title VII are the same. Therefore, the same framework guides your analysis of Plaintiff's retaliation claims under both Section 1981 and Title VII. The following instruction applies to both claims.

**AUTHORITY:** *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015).

**OBJECTION/SUGGESTION:**

Plaintiff does not believe that this Instruction or any general Instruction is required. Indeed, Plaintiff believes general Instructions of this sort are inefficient and do not preserve judicial economy.

**DEFENDANT'S JURY INSTRUCTION NO. 16**
**TYPES OF DAMAGES—GENERALLY**

I will now begin by instructing you regarding the types of damages you may award if you find that Plaintiff has proven liability according to the standards I have described in these instructions. You may award either compensatory or nominal damages, but not both.

**OBJECTION/SUGGESTION:**

Plaintiff does not believe that this Instruction or any general Instruction is required. Indeed, Plaintiff believes general Instructions of this sort are inefficient and do not preserve judicial economy.