**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CARL NELSON,<br><br>*Plaintiff,*<br><br>v.<br><br>CRANE SERVICE CO., INC.,<br><br>*Defendant*. | Case No.: 8:24-cv-00766-ABA |

**PLAINTIFF'S TRIAL BRIEF**

COMES NOW, Plaintiff Carl Nelson ("Plaintiff"), by and through undersigned counsel, hereby submits this Trial brief pursuant to this Court's operative Scheduling Order. Dkt. 94 at 2. In support thereof, Plaintiff states as follows:

**INTRODUCTION**

Plaintiff has brought causes of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the Maryland Fair Employment Practices Act, Md. Code Ann. State Gov't. § 20-601, *et seq.* ("MFEPA"), and Prince George's County, Md. Code § 2-222, *et seq.* ("PGHRA"). Each of these causes of action are linked to the actions or omissions of Defendant Crane Service Co., Inc. ("Defendant"). While these statutes are frequently construed consistently, there are points of divergence among them which should be considered during the presentation of evidence by the Parties. This brief is meant to clarify the competing and different standards used for the various causes of action brought by Plaintiff, with specific reference to those issues potentially contested between the Parties.

## LEGAL ARGUMENT

### I. DISCRIMINATION

#### a. Elements

Largely, claims for discrete acts of discrimination under either Title VII, Section 1981, MFEPA, and PGHRA are similar. *See Anderson v. Cathexis, LLC*, 2026 U.S. Dist. LEXIS 177513, at *13–14 (D. Md. 2026) ("Generally, '[c]ourts apply Title VII precedent, including the burden-shifting framework, to discrimination, retaliation, and harassment claims brought under the MFEPA and Section 1981.") (collecting cases); *see also Staves v. Prince George's Cnty. Bd. of Educ.*, 2023 U.S. Dist. LEXIS 52800, at *18 (D. Md. 2023) (applying Title VII's framework of discrimination onto a PGHRA claim) (collecting cases). "[U]nder Title VII, a plaintiff must show: (1) membership in a protected class; (2) an adverse employment action by the employer; (3) satisfactory job performance at the time of the adverse employment action; and (4) that the adverse employment action occurred 'under circumstances giving rise to an inference of unlawful discrimination.'" *Ragin v. Hegseth*, 2026 U.S. Dist. LEXIS 66823, at *17 (D. Md. 2026).

#### b. Causation

Notwithstanding the foregoing similarities, Title VII and Section 1981 operate under "different causation standard[s]". *Nike USA, Inc. v. Passari*, 2026 U.S. Dist. LEXIS 179767, at *12 (D. Md. 2026). Under Section 1981, "a plaintiff bears the burden of showing that race was a but-for cause of [his] injury." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 333 (2020). "Often, events have multiple but-for causes." *Bostock v. Clayton Cnty.*, 590 U.S. 644, 656 (2020). By way of example, "if a car accident occurred *both* because the defendant ran a red light and because the plaintiff failed to signal his turn at the intersection, we might call each a but-for cause of the collision." *Id.*

Conversely, "the Supreme Court has explained, a mixed-motive plaintiff faces 'a lessened causation standard' than but-for causation." *Duvall v. Novant Health, Inc.*, 95 F.4th 778, 788 (4th Cir. 2024) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 349 (2013)). Such a plaintiff "need only provide sufficient direct or circumstantial evidence demonstrating that his protected characteristic was a ***motivating factor*** in the defendant's challenged employment practice." *Id.* (citing *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003)). Consistent with this jurisdiction's precedent, "courts interpret the MFEPA consistent with its federal corollary, absent 'legislative intent to the contrary.'" *Doe v. Cath. Relief Servs.*, 484 Md. 640, 680–681 (2023). Similarly, Plaintiff's claim for discrimination under the PGHRA should be subjected to the motivating factor standard of Title VII. *See Mabry v. Capital One, N.A.*, 2014 U.S. Dist. LEXIS 167153, at fn. 4 (D. Md. 2014) (applying the same standards of Title VII to the PGHRA).

Accordingly, under Section 1981 Plaintiff need only show that this race was a, but need not be the only, but-for factor in his termination or constructive discharge. Alternatively, Plaintiff may establish that his race was one of a variety of factors considered when Defendant effectuated his termination or constructive discharge.

## II. HOSTILE WORK ENVIRONMENT

### a. Elements

"[T]o prevail on a Title VII claim that a workplace is . . . hostile, 'a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's . . . [protected characteristic]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.'" *Boyer-Liberto v. Fountainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (quoting *Okoli v. City of Balt.*, 648 F.3d 216, 220 (4th Cir. 2011)). This same collection of elements is what

should be used for hostile work environment or harassment claims under Section 1981 and PGHRA. *See Jones v. Eli Lilly & Co.*, 2021 U.S. Dist. LEXIS 188903, at *19 (D. Md. 2021) ("A racially hostile working environment under Section 1981 is congruent with a hostile work environment claim under Title VII[.]"); *see also Bryan v. Prince George's Cty., Md.*, 2011 U.S. Dist. LEXIS 71795, at *8 (D. Md. 2011)*, aff'd*, 484 F. App'x 775 (4th Cir. 2012) (explaining that Maryland courts look to Title VII when evaluating state discrimination claims).

However, the elements that make up a hostile work environment are materially different under MFEPA than they are under Title VII. *See* Md. Code State Gov't § 20-601(h). Specifically, under MFEPA, "harassment" includes "unwelcome and offensive conduct, **which need not be severe or pervasive**". *Id.* (emphasis added). This conduct is actionable when "the conduct is based on race" and either:

> 1. Submission to the conduct is made either explicitly or implicitly a term or condition of employment of an individual;
>
> 2. Submission to or rejection of the conduct is used as a basis for employment decisions affecting the individual;
>
> 3. Based on the totality of the circumstances, the conduct unreasonably creates a working environment that a reasonable person would perceive to be abusive or hostile.

*Id.*

Accordingly, not only does MFEPA utilize a lower standard than Title VII to determine what unwelcome and offensive conduct is, the Maryland Legislature provided three distinct avenues for determining what is and is not harassment under Maryland law. Finally, an employer is liable for harassment under theories similar to Title VII. *See* Md. Code State Gov't § 20-611; *see also Hammoud v. Jimmy's Seafood, Inc.*, 2024 U.S. Dist. LEXIS 94974, at *36 (D. Md. 2024) (construing Title VII's employer liability standard as similar to MFEPA's).

## III. RETALIATION

### a. Elements

Under Title VII to prove retaliation, "a plaintiff must show: (1) that she engaged in protected activity, (2) that the employer took a materially adverse action against her and (3) there is a causal connection between the protected activity and the adverse action." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 195 (4th Cir. 2019). This standard is the same for a claim under Section 1981 and the PGHRA. *Jones*, 2021 U.S. Dist. LEXIS 188903, at *28–29 (collecting cases); *see also Mabry*, 2014 U.S. Dist. LEXIS 167153, at fn. 4 (applying the same standards of Title VII to the PGHRA). This is likewise the same standard used for determining liability under MFEPA for retaliation. *See Silver v. Sequon LLC*, 2026 U.S. Dist. LEXIS 191894, at *23 (D. Md. 2026) (utilizing the same elements for Title VII as MFEPA).

Importantly, "[p]rotected activity under Title VII includes complaints of discrimination based upon 'race, color, religion, sec or national origin.'" *Landino v. Sapp*, 520 Fed. Appx. 195, 198 (4th Cir. 2013). "[A]n employee's complaint constitutes protected activity when the employer understood, or should have understood, that the plaintiff was opposing discriminatory conduct." *Romeo v. APS Healthcare Bethesda, Inc.*, 876 F. Supp. 2d 577 (D. Md. 2012) (quoting *Burgess v. Bowen*, 466 F. App'x 272, 282 (4th Cir. 2012)). "'When an employee communicates to her employer a belief that the employer has engaged in…a form of employment discrimination, that communication' virtually always 'constitutes the employee's *opposition* to the activity.'" *Crawford v. Metro. Gov't of Nashville & Davidson County*, 555 U.S. 271, 276 (2009). "[T]he threshold for oppositional conduct is not onerous." *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015). Indeed, "[t]he Fourth Circuit 'has articulated an expansive view of what constitutes oppositional conduct, recognizing that it 'encompasses utilizing informal grievance

procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities.'" *Magassouba v. Prince Geroge's Cnty.*, 2026 U.S. Dist. LEXIS 110083, at *7 (D. Md. 2026) (quoting *DeMasters*, 796 F.3d at 417 (collecting cases)).

The expansive standard of what constitutes a protected activity has been applied to MFEPA and Section 1981 claims. *See Kiver v. Fed. Bus. Couns., Inc.*, 2025 U.S. Dist. LEXIS 156115, at *12–13 (D. Md. 2025); *see also Ali v. BC Architects Eng'rs, PLC*, 832 F. App'x. 167, 172 (4th Cir. 2020) (Section 1981 captures oppositional conduct retaliation); *see also Good v. Washington, D.C. Joint Plumbing Apprenticeship Comm.*, 2025 U.S. Dist. LEXIS 168460, at *8 (D. Md. 2025). Certainly, as PGHRA claims are consistently construed in accordance with Title VII, the definition of protected activity follows suit. *See Mabry*, 2014 U.S. Dist. LEXIS 167153, at fn. 4.

Plainly, "[t]ermination is clearly an adverse action." *Green v. Pegasus Steel, LLC*, 2024 U.S. Dist. LEXIS 142139, at *6 (D.S.C. 2024). Likewise, "[u]nder the constructive discharge doctrine an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes." *Egan v. Ballantyne Country Club*, 2026 U.S. Dist. LEXIS 29107, at *6 (W.D.N.C. 2026) (quoting *Lee v. Belvac Prod. Mach., Inc.*, 2022 U.S. App. LEXIS 27675, at *3 (4th Cir. 2022)). "No specific words or acts are required in order to show an actual discharge". *Madock v. McHugh*, 2011 U.S. Dist. LEXIS 92392, at *72 (D. Md. 2011). "[A]n employer does not need to use the words 'fired', 'discharged,' or 'terminated' in order for a plaintiff to establish a discharge." *Id.* "Rather, 'an actual discharge occurs when the employer, by words or acts, manifests a clear intention to dispense with an employee's services.'" *Id.* (quoting *Payne v. Crane Co.*, 560 F.2d 198, 199 (5th Cir. 1977)). Indeed, "An employer cannot avoid a finding of an adverse employment action by unilaterally declaring that certain employee

actions will be deemed a resignation." *McInerney v. United Air Lines, Inc.*, 463 Fed. Appx. 709, 721 (10th Cir. 2011).

Accordingly, the same elements make up retaliation under all of Plaintiff's causes of action.

**b. Causation**

Title VII, Section 1981, and PGHRA utilize a but-for standard for determining the causal connection between a protected activity and an adverse action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (but-for causation under Title VII); *see also Vega*, 2026 U.S. Dist. LEXIS 141737, at *6 (but-for causation under Section 1981); *see also Mabry*, 2014 U.S. Dist. LEXIS 167153, at fn. 4. However, under MFEPA the Maryland Supreme Court found that a plaintiff was only required "to persuade the jury that her opposition to harassing conduct was a *motivating* factor in the decision to terminate her employment." *Ruffin Hotel Corp. of Md. v. Gasper*, 418 Md. 594, 614 (2011). Indeed, the Maryland Supreme Court (then, the Maryland Court of Appeals) ratified and affirmed the findings of the Maryland Appellate Court (then, the Maryland Court of Special Appeals) that:

> We believe Maryland law to be settled that a plaintiff's burden is to prove that the exercise of his or her protected activity was a "motivating" factor in the discharge, thereby creating burden-shifting to the defendant. An instruction that imposes upon a plaintiff the burden of proving that the exercise of his or her protected activity was the "determining" factor in the discharge from employment is a misstatement of the law, and erroneous.

*Id.* at 611–612.

Accordingly, Plaintiff's retaliation claims must be considered under two separate causation standards.

## IV. DAMAGES

Just as Plaintiff's various causes of action contain some differences as to their elements and causation standards, there are likewise differences in relation to the damages available under

the same. Plaintiff's Title VII claims determine damages pursuant to 42 U.S.C. § 1981a and 42 U.S.C. § 2000e-5. Plaintiff's Section 1981 claims determine damages solely under 42 U.S.C. § 1981a.

Back pay is available to a successful plaintiff for a violation of Section 1981. *Blasic v. Chugach Support Servs.,* 673 F. Supp. 2d 389, 402 (D. Md. 2009) (citing *Kornegay v. Burlington Indus., Inc.*, 803 F.2d 787, 788 (4th Cir. 1986)). The Eighth Circuit has adopted a clear-eyed view that backpay under Section 1981 is "in the nature of legal damages" and determined that the plaintiff there was entitled to a jury trial on that claim. *Setser v. Novack Inv. Co.*, 638 F.2d 1137, at 1142 (8th Cir. 1981). Indeed, notwithstanding 42 U.S.C. § 1981a's reference to 42 U.S.C. § 2000e-5, the statute explicitly states that "[n]othing in this section shall be construed to limit the scope of, or the relief available under, [Section 1981]." Accordingly, back pay damages under Section 1981 should be determined by the jury.

Separately, back pay is available under Title VII as an equitable remedy. *See* 42 U.S.C. § 2000e-5(g)(1). This is similar to MFEPA which describes backpay similarly to Title VII. *See* Md. Code State Gov't. §§ 20-1009(b), 20-1013(d). Under both of these statutes, the award of backpay may be reduced based on the reasonable diligence of a plaintiff or his interim earnings. *See id.*; *see also* 42 U.S.C. § 2000e-5(g)(1). However, this language is plainly not present in relation to either Section 1981 nor PGHRA. *See* 42 U.S.C. § 1981; *see also* Md. Code State Gov't § 20-1202(b) (authorizing a civil action for violation of county codes "for damages, injunctive relief, or other civil relief"). Accordingly, there is no statutory duty to mitigate any damages under either Section 1981 or PGHRA.

Indeed, the PGHRA is "a state enactment [and] is to be interpreted by application of Maryland common law." *Prince George's Cnty. v. Watts*, 494 Md. 615, 656 (2026) (quoting

*Shabazz v. Bob Evans Farms, Inc.*, 163 Md. App. 602, 642 (2005)). The *Shabazz* court "reasoned that 'there is nothing' in § 20-1202 'to indicate that the General Assembly intended to incorporate' other laws about damages 'in place of the Maryland common law[.]" *Id.* (quoting *Shabazz*, 163 Md. App. at 642). Because the PGHRA's enabling statute "establishes a cause of action for common law damages"[1], the an award under the PGHRA is a legal remedy to which the jury must determine. *Id.* There is further no cap on damages awardable under either Section 1981 or PGHRA. *See* 42 U.S.C. § 1981; *see also* Md. Code State Gov't § 20-1202(b).

Ultimately, under the numerous causes of action which Plaintiff has brought suit over, should he be successful under all of his causes of action: (1) he should be awarded backpay as determined by the jury; (2) any damage award under, at minimum, the PGHRA should be subject to common law tort doctrines; and (3) there should be no mitigation analysis because there is certainly no statutory duty to mitigate damages under Section 1981 or PGHRA.

## CONCLUSION

Plaintiff submits this Trial Brief to assist with the differentiation between the various different causes of action in this matter. At bottom, Plaintiff will prove his case at trial in accordance with all proper legal standards.

**[SIGNATURE BLOCK ON NEXT PAGE]**

[1] Further because the PGHRA is embedded in Maryland common law, common law doctrines such as the egg-shell plaintiff or exacerbation of an underlying injury are permitted as to those damages.

Respectfully submitted,

*/s/ Thomas J. Eiler*
Thomas J. Eiler, Esq., Bar No. 30622
Robert W.T. Tucci, Esq. Bar No. 31356
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373
(240) 839-9142 (f)
teiler@zagfirm.com
rtucci@zagfirm.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of September 2026, a copy of the foregoing was served via electronic and/or first-class, postage pre-paid, mail upon:

Jake B. Mitchell, Esq. Bar No. 30736
Michael S. McNamara (*admitted pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC 20036
jake.mitchell@pillsburylaw.com
michael.mcnamara@pillsburylaw.com
*Counsel for Defendant*

*/s/ Thomas J. Eiler*
Thomas J. Eiler, Esq.