**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CARL NELSON,<br><br>Plaintiff,<br><br>v.<br><br>CRANE SERVICE CO., INC.<br><br>Defendant. | ) | Case No.: 8:24-cv-00766-ABA |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED EXHIBITS**

COMES NOW, Plaintiff Carl Nelson ("Plaintiff"), by and through undersigned counsel, hereby submits these Objections to Defendant's Proposed Exhibits consistent with the agreement of the Parties and Fed. R. Civ. P. 26(a)(3). In support thereof, Plaintiff states as follows:

**Exhibit & Objections**[1]

**1.** September 28, 2020, Plaintiff's sexual assault sentence terms (Centre County Probation and Parole Department PDF 2-3);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Even if this Exhibit is relevant under Fed. R. Evid. 401, it should be excluded pursuant to Fed. R. Evid. 403 as unfairly prejudicial to Plaintiff, confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 609(a)(1)(A) because it fails to clear Fed. R. Evid. 403. Indeed, Plaintiff's criminal conviction has very little, if any, bearing on Plaintiff's truthfulness. Conversely, permitting in this evidence to be presented invites a trial by stereotype.

**c.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 404(b)(1) and cannot be entered into evidence to prove Plaintiff's character.

---

[1] Herein throughout Plaintiff notes that specific Exhibits are subject to a pending Motion *in Limine*. This is done for convenience and only the Court's forthcoming Orders as to the specific Motions *in Limine* shall ultimately define what, if any, material is excluded from presentation at trial.

**d.** Plaintiff notes that this Exhibit is subject to a pending Motion *in Limine*.

**2.** September 28, 2020, Plaintiff's sexual assault probation terms (Center County Probation and Parole Department PDF 4-6);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Even if this Exhibit is relevant under Fed. R. Evid. 401, it should be excluded pursuant to Fed. R. Evid. 403 as unfairly prejudicial to Plaintiff, confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 609(a)(1)(A) because it fails to clear Fed. R. Evid. 403. Indeed, Plaintiff's criminal conviction has very little, if any, bearing on Plaintiff's truthfulness. Conversely, permitting in this evidence to be presented invites a trial by stereotype.

**c.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 404(b)(1) and cannot be entered into evidence to prove Plaintiff's character.

**d.** Plaintiff notes that this Exhibit is subject to a pending Motion *in Limine*.

**3.** September 28, 2020, Plaintiff's sex offender registration (Center County Probation and Parole Department PDF 33-37);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Even if this Exhibit is relevant under Fed. R. Evid. 401, it should be excluded pursuant to Fed. R. Evid. 403 as unfairly prejudicial to Plaintiff, confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 609(a)(1)(A) because it fails to clear Fed. R. Evid. 403. Indeed, Plaintiff's criminal conviction has very little, if any, bearing on Plaintiff's truthfulness. Conversely, permitting in this evidence to be presented invites a trial by stereotype.

**c.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 404(b)(1) and cannot be entered into evidence to prove Plaintiff's character.

**d.** Plaintiff notes that this Exhibit is subject to a pending Motion *in Limine*.

**4.** July 6, 2022, Plaintiff's Local 77 Union Joint Apprenticeship and Training Committee ("JATC") acknowledgement form (JATC0017);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit.

**5.** July 6, 2022, JATC attendance policy (JATC0020-21);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit.

**6.** July 6, 2022, Plaintiff's JATC interview questionnaire (JATC0013-15);

**a.** Plaintiff objects that this Exhibit is hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**7.** July 6, 2022, Plaintiff's JATC disability disclosure (JATC0026);

**a.** Plaintiff objects that the introduction of this Exhibit into evidence violates 42 U.S.C. § 12111(d)(2)(A) which explains that a "covered entity shall not…make inquiries of a job applicant as to whether such applicant is an individual with a disability." Indeed, the Department of Labor recently rescinded 41 C.F.R. § 60-741.42, which authorizes and permits pre-hiring disability disclosures, because of its inconsistency with the Americans with Disabilities Act and the Rehabilitation Act (which incorporates the ADA). Accordingly, this Exhibit is inadmissible under Fed. R. Evid. 402 because a federal statute precludes the material. Further still, the now-rescinded 41 C.F.R. § 60-741.42 explicitly explained that "Self-identification information may be used **only** in accordance with this part."

**8.** December 19, 2022, email to Plaintiff to complete discrimination and harassment training (NELSON 000992);

**a.** N/A

**9.** December 19, 2022, screenshot confirming Plaintiff's completion of discrimination and harassment training (NELSON 000412-13);

**a.** N/A

**10.** 2022-2023, Plaintiff's tax returns (NELSON 001161-001222);

**a.** Plaintiff objects that this Exhibit contains largely irrelevant material under Fed. R. Evid. 401 because numerous pages of the Exhibit has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit.

Trimming down the Exhibit to its operative parts (i.e., the core earnings pages) is in line with the guidance of Fed. R. Evid. 403 because the probative value of the irrelevant materials (such as refund sheets) is minimal and will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**11.** January 8 – January 26, 2023, Plaintiff emails with union relating to MLK holiday grievance (NELSON 001007 – converted from native);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Even if this Exhibit is relevant under Fed. R. Evid. 401, it should be excluded pursuant to Fed. R. Evid. 403 because it confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**b.** Plaintiff objects that this Exhibit contains material which is inadmissible under Fed. R. Evid. 404(a) and cannot be entered into evidence to prove Plaintiff's character.

**12.** February 11 – February 28, 2023, Plaintiff emails with union relating to harassment and MLK holiday grievances (NELSON 001001 – converted from native);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Even if this Exhibit is relevant under Fed. R. Evid. 401, it should be excluded pursuant to Fed. R. Evid. 403 because it confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**b.** Plaintiff objects that this Exhibit contains material which is inadmissible under Fed. R. Evid. 404(a) and cannot be entered into evidence to prove Plaintiff's character.

**13.** February 13 – 27, 2023, Plaintiff emails with JATC relating to wage scale dispute (JATC0039-0042);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Even if this Exhibit is relevant under Fed. R. Evid. 401, it should be excluded pursuant to Fed. R. Evid. 403 because it confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**b.** Plaintiff objects that this Exhibit contains material which is inadmissible under Fed. R. Evid. 404(a) and cannot be entered into evidence to prove Plaintiff's character.

**14.** March 3 – March 20, 2023, Plaintiff emails with JATC relating to work opportunities (JATC0048-49);

**a.** Plaintiff objects that this Exhibit is unduly prejudicial under Fed. R. Evid. 403 due to Plaintiff's comment "I was inside the courthouse and there's no service in the building." Based on Defendant's intent to introduce evidence related to Plaintiff's criminal history, Plaintiff believes that this sentence may prejudice him insofar as the jury will speculate that (should any criminal history evidence come into the record) about present criminal involvement where there is none.

**15.** November 16, 2023, Prince George's County Office of Human Rights Determination (NELSON000005-10; NELSON000068);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Even if this Exhibit is relevant under Fed. R. Evid. 401, it should be excluded pursuant to Fed. R. Evid. 403 as unfairly prejudicial to Plaintiff, confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**b.** Plaintiff notes that this Exhibit is subject to a pending Motion *in Limine*.

**16.** June 5, 2023, Berry Gilroy (JATC) letter to Plaintiff regarding declined work opportunities (JATC0065);

**a.** Plaintiff objects that this Exhibit is hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**17.** October 10, 2023, Maryland Department of Labor Benefits Determination (NELSON000053-63);

**a.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 403 as unfairly prejudicial in light of its limited probative value. Indeed, determinations by the unemployment office have been found by the (then) Court of Appeals of Maryland and the Fourth Circuit to not preclude a fact finder's judgment nor be sufficient for collateral estoppel. *See Cicala v. Disability Review Board*, 288 Md. 254, 267 (1980) (finding that "[t]he principles of res judicata do not apply" to a litigant's claim which falls within the scope of a prior judgment from an administrative agency); *see also Ross v. Communications Satellite Corp.*, 759 F.2d 355, 361 (4th Cir. 1985) ("*Cicala*, in our opinion, prevents the federal courts from according collateral estoppel effect to the state unemployment compensation findings adverse to [plaintiff]."). Admissible evidence with probative value will be shown to the jury

so that they can reach their own determination as to how Plaintiff's employment relationship with Defendant ended. It would be prejudicial for the jury to have their fact-finding role usurped by a quasi-judicial determination.

**18.** April 23, 2024, Berry Gilroy (JATC) letter to Plaintiff regarding failure to participate in apprenticeship program (JATC0062);

**a.** Plaintiff objects that this Exhibit is hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**19.** (N.D.), Plaintiff's conditions imposed by Maryland for Plaintiff's residence transfer (Centre County Probation and Parole Department PDF 15-16);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Even if this Exhibit is relevant under Fed. R. Evid. 401, it should be excluded pursuant to Fed. R. Evid. 403 as unfairly prejudicial to Plaintiff, confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 609(a)(1)(A) because it fails to clear Fed. R. Evid. 403. Indeed, Plaintiff's criminal conviction has very little, if any, bearing on Plaintiff's truthfulness. Conversely, permitting in this evidence to be presented invites a trial by stereotype.

**c.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 404(b)(1) and cannot be entered into evidence to prove Plaintiff's character.

**20.** August 19, 2021, HOPE Behavioral Health Intake Assessment of Plaintiff (NELSON000369-74);

**a.** N/A

**21.** August 25, 2021, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 2/2, pg. 3-4);

**a.** N/A

**22.** September 1, 2021, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 2/2, pg. 5-6);

**a.** N/A

**23.** September 8, 2021, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 2/2, pg. 7-8);

**a.** N/A

**24.** October 13, 2021, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 2/2, pg. 17-18);

**a.** N/A

**25.** September 21, 2022, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 1/2, pg. 1-2);

**a.** N/A

**26.** September 28, 2022, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 1/2, pg. 3-5);

**a.** N/A

**27.** October 19, 2022, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 1/2, pg. 11-12);

**a.** N/A

**28.** October 26, 2022, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 1/2, pg. 13-14);

**a.** N/A

**29.** November 30, 2022, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 1/2, PDF 23-24);

**a.** N/A

**30.** December 7, 2022, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 1/2, pg. 25-26);

**a.** N/A

**31.** December 14, 2022, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 1/2, pg. 27-28);

**a.** N/A

**32.** December 21, 2022, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 1/2, pg. 29-30);

a. N/A

**33.** December 28, 2022, HOPE Behavioral therapy session notes (HOPE Behavioral Supplemental Production PDF 1/2, pg. 31-33);

a. N/A

**34.** January 4, 2023, HOPE Behavioral therapy session notes (HOPE Behavioral Production PDF 1/3, pg. 23-24);

a. N/A

**35.** January 18, 2023, HOPE Behavioral therapy session notes (HOPE Behavioral Production PDF 1/3, pg. 27-28);

a. N/A

**36.** February 15, 2023, HOPE Behavioral therapy session notes (HOPE Behavioral Production PDF 1/3, pg. 41-43);

a. N/A

**37.** March 1, 2023, HOPE Behavioral therapy session notes (HOPE Behavioral Production PDF 1/3, pg. 47-49);

a. N/A

**38.** March 22, 2023, HOPE Behavioral therapy session notes (HOPE Behavioral Production PDF 1/3, pg. 56-58);

a. N/A

**39.** March 29, 2023, HOPE Behavioral therapy session notes (HOPE Behavioral Production PDF 1/3, pg. 59-61);

a. N/A

**40.** April 26, 2023, HOPE Behavioral therapy session notes (HOPE Behavioral Production PDF 2/3, pg. 4-6);

a. N/A

**41.** May 16, 2023, HOPE Behavioral therapy session notes (HOPE Behavioral Production PDF 2/3, pg. 13-15);

a. N/A

**42.** July 18, 2023, HOPE Behavioral therapy session notes (HOPE Behavioral Production PDF 2/3, pg. 40-42);

**a.** N/A

**43.** January 1, 2026, Mental Residual Functional Capacity Assessment (NELSON001227-37);

**a.** Plaintiff objects to this Exhibit insofar as it is needlessly cumulative pursuant to Fed. R. Evid. 403. Specifically, this Exhibit is partially contained in Exhibit 78.

**44.** December 18, 2018, Plaintiff criminal hearing transcript (N/A – requested through Centre County Court of Common Pleas court clerk);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Even if this Exhibit is relevant under Fed. R. Evid. 401, it should be excluded pursuant to Fed. R. Evid. 403 as unfairly prejudicial to Plaintiff, confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 609(a)(1)(A) because it fails to clear Fed. R. Evid. 403. Indeed, Plaintiff's criminal conviction has very little, if any, bearing on Plaintiff's truthfulness. Conversely, permitting in this evidence to be presented invites a trial by stereotype.

**c.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 404(b)(1) and cannot be entered into evidence to prove Plaintiff's character.

**d.** Plaintiff objects that this Exhibit is hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**e.** Plaintiff notes that this Exhibit is subject to a pending Motion *in Limine*.

**45.** April 14, 2020, QCI Behavioral Health Diagnostic Evaluation (signed April 20, 2020) (NELSON0015330-33);

**a.** N/A

**46.** March 20, 2012, Crane Service Employee Handbook (CSC00014114);

**a.** Plaintiff objects that this Exhibit may be inauthentic pursuant to Fed. R. Evid. 901. Specifically, an individual with knowledge needs to testify as to this document as it is undated, a word document, and contains highlights suggesting that this is not

the final version of the Employee Handbook which was actually distributed to employees.

**47.** December 1, 2022, Crane Service internal emails regarding anti harassment and anti-discrimination training (CSC00003785);

**a.** Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Specifically, this email describes events from prior to Plaintiff's employment with Defendant.

**b.** Plaintiff objects that this Exhibit is hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**48.** December 6, 2022 – February 14, 2023 – Plaintiff employment file (CSC00023115);

**a.** Plaintiff objects that this Exhibit contains material which is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Even if this Exhibit is relevant under Fed. R. Evid. 401, it should be excluded pursuant to Fed. R. Evid. 403 as unfairly prejudicial to Plaintiff, confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time. Specifically, the "Criminal Search Results" pages containing Plaintiff's criminal history are not relevant to the claims or defenses in this matter. While Plaintiff acknowledges that his signature on acknowledgments and receipts of policies may be relevant, the "Criminal Search Results", emergency contact, and pages are plainly irrelevant.

**b.** Plaintiff objects that, should the Court permit the "Criminal Search Results" to be introduced into the record, that the missing pages of the same be likewise introduced under Fed. R. Evid. 106. Specifically, the "Criminal Search Results" pages indicate that that are "Page XXX of 7", but Pages 1, 3, and 6 are missing.

**c.** Plaintiff objects that this Exhibit contains material which is inadmissible under Fed. R. Evid. 404(b)(1) and cannot be entered into evidence to prove Plaintiff's character.

**d.** Plaintiff objects that this Exhibit contains material which is inadmissible under Fed. R. Evid. 609(a)(1)(A) because it fails to clear Fed. R. Evid. 403. Indeed, Plaintiff's criminal conviction has very little, if any, bearing on Plaintiff's truthfulness. Conversely, permitting in this evidence to be presented invites a trial by stereotype.

**49.** December 19, 2022 – February 14, 2023 – Plaintiff dispatch logs (CSC00027232);

**a.** Plaintiff objects that this Exhibit contains material which is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit.

**50.** February 3, 2023, Investigation summary notes (CSC00006516);

**a.** Plaintiff objects that this Exhibit may be inauthentic pursuant to Fed. R. Evid. 901. Specifically, this Exhibit contains notes from an unnamed source, contains notes from after the date noted on the top of the memo, and is not the version which was presented to the Prince George's Office of Human Rights.

**51.** February 9, 2023, Crane Service memo to Steve Faulkner (union) (CSC00010536);

**a.** Plaintiff objects to this Exhibit as inadmissible hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**52.** February 10, 2023, Rickey McGuire email to Plaintiff (CSC00023355);

**a.** N/A

**53.** February 14, 2023, anti-harassment and anti-discrimination training meeting sign-in sheets (CSC00023370);

**a.** N/A

**54.** February 13, 2023, Crane Service updated anti-harassment policy (CSC00023440);

**a.** N/A

**55.** February 13, 2023, Crane Service weapons-free workplace policy (CSC00018685);

**a.** N/A

**56.** February 14, 2023, anti-harassment and anti-discrimination training PowerPoint (CSC00006502);

**a.** N/A

**57.** February 28, 2023, Rickey McGuire summary of February 27, 2023 meeting with Plaintiff (CSC00010489, pp. 27-28);

**a.** Plaintiff objects to this Exhibit as inadmissible hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**58.** February 28, 2023, Brent Loveless email to Rickey McGuire regarding February 27, 2023 discussion with Plaintiff (CSC00023092);

**a.** Plaintiff objects to this Exhibit as inadmissible hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**b.** Plaintiff notes that this Exhibit is subject to a pending Motion *in Limine*.

**59.** February 28, 2023, Plaintiff resignation email (CSC00010019);

**a.** Plaintiff objects that this Exhibit should be excluded pursuant to Fed. R. Evid. 403 because it confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**60.** March 4, 2023, Plaintiff combined payroll records (CSC00027233);

**a.** N/A

**61.** April 22, 2024 and April 18, 2025, Plaintiff Social Security Disability Determination and Transmittal (DI Claims Initial & Recon Level) (NELSON001247-63);

**a.** Plaintiff objects to this Exhibit as inadmissible hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 403 as unfairly prejudicial in light of its limited probative value. Admissible evidence with probative value will be shown to the jury so that they can reach their own determination as to the severity of Plaintiff's mental and emotional distress. It would be prejudicial for the jury to have their fact-finding role usurped by a quasi-judicial determination.

**62.** April 22, 2024, Plaintiff Social Security Disability Determination and Transmittal (DIB Claims Initial Level) (NELSON001238-46);

**a.** Plaintiff objects to this Exhibit as inadmissible hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 403 as unfairly prejudicial in light of its limited probative value. Admissible evidence with probative value will be shown to the jury so that they can reach their own determination as to the severity of Plaintiff's mental and emotional distress. It would be prejudicial for the jury to have their fact-finding role usurped by a quasi-judicial determination.

**63.** April 18, 2025, Plaintiff Social Security Disability Determination and Transmittal (DIB Claims Recon Level) (NELSON001265-73);

**a.** Plaintiff objects to this Exhibit as inadmissible hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 403 as unfairly prejudicial in light of its limited probative value. Admissible evidence with probative value will be shown to the jury so that they can reach their own determination as to the severity of Plaintiff's mental and emotional distress. It would be prejudicial for the jury to have their fact-finding role usurped by a quasi-judicial determination.

**64.** April 16, 2024, Social Security Administration Function Report (NELSON001423-30);

**a.** Plaintiff objects to this Exhibit as inadmissible hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 403 as unfairly prejudicial in light of its limited probative value. Admissible evidence with probative value will be shown to the jury so that they can reach their own determination as to the severity of Plaintiff's mental and emotional distress. It would be prejudicial for the jury to have their fact-finding role usurped by a quasi-judicial determination.

**65.** April 16, 2024, Social Security Administration Work History Report (NELSON001431-38);

**a.** N/A

**66.** April 22, 2024, Social Security Administration Claim Denial Letter (NELSON001275-79);

**a.** Plaintiff objects to this Exhibit as inadmissible hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 403 as unfairly prejudicial in light of its limited probative value. Admissible evidence with probative value will be shown to the jury so that they can reach their own determination as to the severity of Plaintiff's mental and emotional distress. It would be prejudicial for the jury to have their fact-finding role usurped by a quasi-judicial determination.

**67.** April 18, 2025, Social Security Administration Denial of Request for Reconsideration (SSDI claim) (NELSON001282-84);

**a.** Plaintiff objects to this Exhibit insofar as it is needlessly cumulative pursuant to Fed. R. Evid. 403. Specifically, this Exhibit appears to be largely, if not exactly, the same as Exhibit 68.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 403 as unfairly prejudicial in light of its limited probative value. Admissible evidence with probative value will be shown to the jury so that they can reach their own determination as to the severity of Plaintiff's mental and emotional distress. It would be prejudicial for the jury to have their fact-finding role usurped by a quasi-judicial determination.

**c.** Plaintiff objects that this Exhibit is hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**68.** April 18, 2025, Social Security Administration Denial of Request for Reconsideration (SSI claim) (NELSON001286-88);

**a.** Plaintiff objects to this Exhibit insofar as it is needlessly cumulative pursuant to Fed. R. Evid. 403. Specifically, this Exhibit appears to be largely, if not exactly, the same as Exhibit 67.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 403 as unfairly prejudicial in light of its limited probative value. Admissible evidence with probative value will be shown to the jury so that they can reach their own determination as to the severity of Plaintiff's mental and emotional distress. It would be prejudicial for the jury to have their fact-finding role usurped by a quasi-judicial determination.

**c.** Plaintiff objects that this Exhibit is hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**69.** November 5, 2025, summary of Plaintiff earnings (NELSON001391-1412);

**a.** Plaintiff objects that this Exhibit contains materials which is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Specifically, this Exhibit shows that Plaintiff received compensation as part of a separate lawsuit in 2024. Even if this material is relevant under Fed. R. Evid. 401, it should be excluded pursuant to Fed. R. Evid. 403 as unfairly prejudicial to Plaintiff, confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**b.** Plaintiff objects that this Exhibit contains materials evidencing a compromise offer and negotiation pursuant to Fed. R. Evid. 408.

**70.** February 12, 2026, Social Security Administration – Notice of Unfavorable Appeal Decision (NELSON001593-1616);

**a.** Plaintiff objects to this Exhibit insofar as it is needlessly cumulative pursuant to Fed. R. Evid. 403. Specifically, this Exhibit contains all of Exhibit 71.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 403 as unfairly prejudicial in light of its limited probative value. Admissible evidence with probative value will be shown to the jury so that they can reach their own determination as to the severity of Plaintiff's mental and emotional distress. It would be prejudicial for the jury to have their fact-finding role usurped by a quasi-judicial determination.

**71.** February 12, 2026, Social Security Administration Disability Claim Decision – NELSON001597-1611);

**a.** Plaintiff objects to this Exhibit insofar as it is needlessly cumulative pursuant to Fed. R. Evid. 403. Specifically, this Exhibit is entirely contained in Exhibit 70.

**b.** Plaintiff objects that this Exhibit is inadmissible under Fed. R. Evid. 403 as unfairly prejudicial in light of its limited probative value. Admissible evidence with probative value will be shown to the jury so that they can reach their own determination as to the severity of Plaintiff's mental and emotional distress. It would be prejudicial for the jury to have their fact-finding role usurped by a quasi-judicial determination.

**72.** May 7, 2025, Crane Service apprentice job description (CSC00028166);

**a.** Plaintiff objects that this Exhibit may be inauthentic pursuant to Fed. R. Evid. 901.

**b.** Plaintiff objects that this Exhibit contains materials which is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Specifically, this Exhibit relates to a 2025 job description and not one during the relevant period.

**73.** February 27, 2023, Brian Mazzella email to Steve Faulkner (Local 77 DOC0000050);

**a.** Plaintiff objects that this Exhibit is hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**74.** February 20, 2023, Rickey McGuire summary of February 20, 2023 meeting with Plaintiff (CSC00010489, p. 19);

**a.** Plaintiff objects that this Exhibit is hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**75.** February 28, 2023, Brian Mazzella emails with Steve Faulkner (Local 77 DOC0000054-56);

a. Plaintiff objects that this Exhibit is hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**76.** February 3, 2023, Steve Faulkner email to Brian Mazzella (Local 77 DOC0000089-90);

a. Plaintiff objects that this Exhibit is hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

**77.** August 19, 2021 – January 21, 2025, HOPE Behavioral Health Plaintiff therapy payment history (HOPE Behavioral Production PDF 1/3, pg. 1-22);

a. Plaintiff objects insofar as this Exhibit contain payments made by a third-party which are barred under the collateral source rule.

**78.** December 18, 2025, Maryland Disability Determination Services Psychological Consultative Exam (NELSON001231-1235);

a. Plaintiff objects to this Exhibit insofar as it is needlessly cumulative pursuant to Fed. R. Evid. 403. Specifically, this Exhibit is entirely contained in Exhibit 43.

**79.** April 14, 2023, Declaration of Brent Loveless in Support of Crane Service Position Statement in Prince George's County Office of Human Rights proceeding (CSC00027330);

a. Plaintiff objects to this Exhibit as inadmissible hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

b. Plaintiff notes that this Exhibit is subject to a pending Motion *in Limine*.

**80.** August 29, 2025, Declaration of Brent Loveless in Support of Crane Service Motion for Summary Judgment (Dkt. 80-5);

a. Plaintiff objects to this Exhibit as inadmissible hearsay without an exception and is inadmissible pursuant to Fed. R. Evid. 802.

b. Plaintiff notes that this Exhibit is subject to a pending Motion *in Limine*.

**81.** September 8, 2021, Plaintiff position paper in support of discrimination charge against RoadTek (NELSON000587-590).

a. Plaintiff objects that this Exhibit is irrelevant under Fed. R. Evid. 401 because it has no tendency to make a fact of consequence more or less probable than it would be without this Exhibit. Even if this Exhibit is relevant under Fed. R. Evid. 401, it should be excluded as unfairly prejudicial to Plaintiff, confuses the actual issues in this matter, will mislead the jury as to the actual facts of consequence, will unduly

delay legitimate examination and presentation of evidence thereby wasting this Court's time.

**b.** Plaintiff objects that this Exhibit contains material which is inadmissible under Fed. R. Evid. 404(a) and cannot be entered into evidence to prove Plaintiff's character.

Respectfully submitted,

*/s/ Thomas J. Eiler*

Thomas J. Eiler, Esq., Bar No. 30622
Robert W.T. Tucci, Esq. Bar No. 31356
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373
(240) 839-9142 (f)
teiler@zagfirm.com
rtucci@zagfirm.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of September 2026, a copy of the foregoing was served via electronic and/or first-class, postage pre-paid, mail upon:

Jake B. Mitchell, Esq. Bar No. 30736
Michael S. McNamara (*admitted pro hac vice*)
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC 20036
jake.mitchell@pillsburylaw.com
michael.mcnamara@pillsburylaw.com
*Counsel for Defendant*

*/s/ Thomas J. Eiler*
Thomas J. Eiler, Esq.